EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re:                     | 2013 TSPR 145   |
|                            |                 |
| Efrén T. Irizarry Colón    | 189 DPR ____    |

Número del Caso: TS-6588


Fecha: 10 de diciembre de 2013


Oficina de la Procuradora General:

       Lcda. Irene Soroeta Kodesh
       Procuradora General

       Lcda. Zaira Girón Anadón
       Subprocuradora General


Materia: Conducta Profesional – La suspensión será efectiva el 16 de diciembre de 2013, fecha en que se le notificó al abogado de sus suspensión inmediata.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

|  |  |
|---|---|
| *In re* Efrén T. Irizarry Colón | TS-6588 |

PER CURIAM

San Juan, Puerto Rico, 10 de diciembre de 2013

Nuevamente nos encontramos ante un miembro de la profesión legal que hace caso omiso a las órdenes de este Tribunal, a sabiendas de que ello será causa suficiente para separarle de la práctica de la profesión legal. Esta conducta es inaceptable y conlleva, como hemos hecho antes, la suspensión inmediata e indefinida de la profesión jurídica al abogado en incumplimiento. Además de la queja que hoy atendemos, el expediente del licenciado Efrén Irizarry Colón refleja otro procedimiento disciplinario en curso que se mantendrá inactivo mientras dure la suspensión: CP-2012-12.

I

El licenciado Irizarry Colón fue admitido al ejercicio de la abogacía el 7 de noviembre de 1979 y posteriormente, el 23 de julio de 1980 prestó juramento de notario.

Según nos informa la Procuradora General en el Informe que nos presenta, el licenciado Irizarry trabajó como

abogado autorizado del gobierno federal para el cierre de préstamos de la oficina del *Farm Service Agency*. El Inspector General del Departamento de Agricultura de Estados Unidos refirió al Departamento de Justicia del Estado Libre Asociado de Puerto Rico, cierta información relacionada con posibles violaciones a las leyes fiscales del Estado Libre Asociado, producto de una investigación que llevaba a cabo junto a Aduana federal. Entre los documentos que la agencia federal le remitió al Departamento de Justicia se encontraban copias de cheques depositados en la cuenta bancaria del abogado de epígrafe por concepto de honorarios pagados por su gestión en el trámite de préstamos otorgados por el *Farm Service Agency*.

Recibida la información, el gobierno del Estado Libre Asociado condujo una investigación de la cual se desprendió que el licenciado Irizarry Colón rindió planillas falsas para los años 1998, 1999, 2000, 2001 y 2002, al no declarar el total de ingresos devengados. La deficiencia por año contributivo fue la siguiente (sin intereses y penalidades): 1998: $312,054; 1999: $248,890; 2000: $298,426; 2001: $234,999; 2002: $135,844. Ello, para un total, de ingresos no reportados de: $1,230,213.

Como resultado de los hallazgos antes mencionados, el Departamento de Justicia en septiembre de 2009, acusó criminalmente al licenciado Irizarry Colón por violación a la Sección 6049(c) y 6054(b)(1) del Código de Rentas Internas de 1994. El 28 de octubre de 2009, el acusado se

declaró culpable de violación al Artículo 6049(c)[1] reclasificado a la Sección 6059 del Código de Rentas Internas;[2] ello, producto de un preacuerdo con la Fiscalía. El Tribunal de Primera Instancia dictó sentencia por violación a la sección 6059 del Código de Rentas Internas y condenó al acusado al pago de $50.00 de multa.

Así las cosas, la Oficina de la Procuradora General nos presentó un Informe sobre la conducta del licenciado Irizarry Colón. En el Informe presentado se relata lo antes indicado y la Procuradora General nos señala que la conducta del licenciado Irizarry Colón supone una violación a la sección 9 de la Ley de 11 de marzo de 1909, 4 L.P.R.A. sec. 735, que dispone como sigue:

> El abogado que fuere culpable de engaño, conducta inmoral (*malpractice*), delito grave (*felony*) o delito menos grave (*misdemeanor*) en conexión con el ejercicio de su profesión o que fuere culpable

---

[1] La Sección 6049(c) del Código de Rentas Internas dispone lo siguiente:
> Toda persona obligada bajo cualquier parte de este subtítulo a rendir una planilla, declaración, certificación o informe, que voluntariamente dejare de rendir dicha planilla, declaración, certificación o informe dentro del término o términos fijados por la parte correspondiente o por reglamentos, además de otras penalidades establecidas por este Código, incurrirá en delito menos grave.

[2] La Sección 6059 del Código de Rentas Internas de 1996 dispone los siguiente:
> Toda persona que no cumpla con cualquier disposición de cualquier Subtítulo del Código o de los reglamentos promulgados en virtud del mismo, o con cualquier otra ley o reglamento de Puerto Rico relacionado con impuestos de rentas internas, o que a sabiendas coopere, induzca, o de otro modo ayude a una persona a violar las leyes y reglamentos mencionados y para lo cual no se haya dispuesto específicamente de otra manera en esta parte, incurrirá en un delito menos grave.

de cualquier delito que implicare depravación moral, podrá ser suspendido o destituido de su profesión por el Tribunal Supremo de Puerto Rico. La persona que siendo abogado fuere convicta de un delito grave cometido en conexión con la práctica de su profesión o que implique depravación moral, cesará convicta que fuere, de ser abogado o de ser competente para la práctica de su profesión a la presentación de una copia certificada de la sentencia dictada al Tribunal Supremo.

En su Informe, la Procuradora General destaca que de la sentencia condenatoria dictada en contra del licenciado Irizarry Colón, copia de la cual nos notifica, se desprende que éste se declaró culpable de un delito menos grave que "implica depravación moral por hechos relacionados con la práctica de su profesión legal al no informar en su planilla los honorarios de abogado realmente devengados durante varios años contributivos." Señala además que "las serias deficiencias en la presentación de sus planillas de contribución sobre ingresos, … es incompatible con el ejercicio de la profesión legal" por ser constitutiva de "depravación moral y contraria al Canon 38 de Ética Profesional." Informe de la Procuradora General, pág. 3.

El 26 de abril de 2013 emitimos una Resolución concediéndole al licenciado Irizarry Colón un término de 15 días para que compareciera y mostrara causa, si alguna tuviere, por la cual no debíamos separarle de la profesión legal. En dicha Resolución se le advirtió que el incumplimiento con la orden sería causa suficiente para ordenar su suspensión del ejercicio de la abogacía. Esta Resolución le fue entregada personalmente al licenciado Irizarry Colón, el 20 de mayo de 2013. Al día de hoy éste

no ha comparecido ni ha solicitado prórroga para comparecer. Habiendo excedido por mucho el término para cumplir con la orden del 26 de abril de 2013, pasamos a resolver.

**II**

En numerosas ocasiones hemos señalado que los abogados y abogadas tienen el deber y la obligación de responder diligentemente los requerimientos y órdenes del Tribunal. *In re Aponte del Valle*, 2013 T.S.P.R. 88, *In re Morales Rodríguez*, 179 D.P.R. 766 (2010); *In re Feliciano Jiménez*, 176 D.P.R. 234 (2009). En particular, el Canon 9 del Código de Ética Profesional establece que todo abogado o abogada debe observar una conducta caracterizada por el mayor respeto hacia los tribunales. 4 L.P.R.A. Ap. IX. La naturaleza de la profesión de la abogacía requiere a todo letrado una atención activa particularmente a los requerimientos relacionados a investigaciones disciplinarias. *In re Rivera Rosado*, 180 D.P.R. 698 (2011); *In re Torres Viera*, 179 D.P.R. 868 (2010).

De igual forma, hemos reiterado que ignorar o desatender las órdenes de este Tribunal constituye una falta ética distinta e independiente de los méritos de la queja presentada cuya sanción disciplinaria conlleva la suspensión indefinida del ejercicio de la profesión. *In re Aponte del Valle*, 2013 T.S.P.R. 88; *In re Rivera Rosado*, 180 D.P.R. 698 (2011); *In re Laborde Freyre I*, 154 D.P.R. 112 (2001). Este Tribunal no tolerará la indiferencia ni

la obstinada negativa por parte de un miembro de nuestra profesión de cumplir con nuestras órdenes.

**III**

Este caso nos muestra una vez más a un abogado que ignora por completo nuestros requerimientos. El licenciado Irizarry Colón ha demostrado con su conducta un desinterés y menosprecio por los procedimientos disciplinarios que lleva a cabo este Tribunal así como con las órdenes que emite. Es, a todas luces, indigno de ostentar el título de abogado.

Este Tribunal tiene facultad inherente para reglamentar el ejercicio de la abogacía en nuestra jurisdicción. *In re Martínez Maldonado*, 185 D.P.R. 1085, 1087 (2012). Como parte de ello, podemos desaforar o suspender a aquellos miembros de la profesión legal que no estén aptos para desempeñar tan delicado ministerio. *In re Morell Corrada*, 171 D.P.R. 327, 330 (2007).

Por las razones expresadas anteriormente procede la suspensión inmediata e indefinida del licenciado Efrén Irizarry Colón del ejercicio de la abogacía y la notaría en Puerto Rico. El licenciado Irizarry Colón tiene la obligación y el deber de notificar a todos sus clientes de su inhabilidad para seguir representándolos, y deberá devolverle los expedientes de cualquier caso pendiente y los honorarios recibidos por trabajo no realizado. Igualmente, tiene la obligación de acreditar y certificar el cumplimiento de lo anterior dentro del término de

treinta (30) días a partir de la notificación de esta Opinión *Per Curiam*.

Se dictará sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re*

Efrén T. Irizarry Colón                    TS-6588

SENTENCIA

San Juan, Puerto Rico, a 10 de diciembre de 2013

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, los cuales se incorporan íntegramente a la presente, se dicta Sentencia y se procede la suspensión inmediata e indefinida del licenciado Efrén Irizarry Colón del ejercicio de la abogacía y la notaría en Puerto Rico. El licenciado Irizarry Colón tiene la obligación y el deber de notificar a todos sus clientes de su inhabilidad para seguir representándolos, y deberá devolverle los expedientes de cualquier caso pendiente y los honorarios recibidos por trabajo no realizado. Igualmente, tiene la obligación de acreditar y certificar el cumplimiento de lo anterior dentro del término de treinta (30) días a partir de la notificación de esta Opinión.

Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo.

Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo