EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: | |
|---|---|
| Augusto C. Medina Perea | 2014 TSPR 24 |
| | 190 DPR ____ |

Número del Caso: TS-11,241

Fecha: 10 de febrero de 2014

Oficina de Inspección de Notarías:

       Lcdo. Manuel Ávila De Jesús
       Director

Materia: Conducta Profesional – La suspensión será efectiva el 13 de febrero de 2014 fecha en que se le notificó al abogado de su suspensión inmediata.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Augusto C. Medina Perea                    TS-11,241

PER CURIAM

San Juan, Puerto Rico, a 10 de febrero de 2014.

Una vez más ejercemos nuestra facultad inherente de regular la profesión de la abogacía al enfrentarnos con la obligación de ordenar la suspensión inmediata de la abogacía y la notaría de un miembro de la profesión. Ello, por motivo del incumplimiento con los requerimientos emitidos por este Tribunal. A continuación, exponemos el marco fáctico que origina nuestro dictamen.

**I.**

El Lcdo. Augusto C. Medina Perea fue admitido al ejercicio de la abogacía el 30 de junio de 1995 y el 12 de septiembre del mismo año

prestó juramento como notario. En fecha del 31 de octubre de 2013, la Oficina de Inspección de Notarías (ODIN) presentó un escrito intitulado *Moción informativa solicitando auxilio del Tribunal para incautación de obra notarial*. Por medio de éste, solicitó la autorización para incautar, con carácter de inmediatez, la obra notarial del licenciado Medina Perea. En su escrito, ODIN detalló el patrón de incumplimiento del referido notario y las deficiencias de que adolece su obra notarial, a saber: la constante inaccesibilidad e incumplimiento con proveer fechas viables para encaminar el proceso de inspección notarial, el cuestionamiento de la validez del Testimonio de Autenticidad Número 31,579 que autorizó el licenciado Medina Perea el 16 de abril de 2012[1] y el reiterado incumplimiento con la obligación de rendir Índices Mensuales e Informes Anuales de Actividad Notarial.

Particularmente, según surge de la *Certificación* expedida el 30 de octubre de 2013 por el Registro General de Competencias Notariales, el licenciado Medina Perea adeuda los Índices de Actividad Mensual Notarial para el mes de diciembre de 2002, así como los de abril de 2013 al presente. Del mismo modo, se desprende del referido documento que el licenciado Medina Perea adeuda los

---

[1] Del expediente del Lcdo. Augusto C. Medina Perea surge que tiene una queja pendiente en relación a la validez del Testimonio de Autenticidad Núm. 31,579 (Queja AB-2013-20). Luego de varios trámites procesales, el 6 de diciembre de 2013, este Tribunal emitió una Resolución refiriendo el asunto a la Oficina de la Procuradora General para la investigación e informe correspondiente.

Informes de Actividad Notarial Anual correspondientes a los años naturales de 2004 al 2012. Ante la imposibilidad para comunicarse con el letrado con el propósito de inspeccionar la obra notarial que se encuentra bajo su custodia, unido a su reiterado incumplimiento con la Ley Notarial de Puerto Rico, 4 L.P.R.A. sec. 2001 *et seq.*, y su Reglamento, 4 L.P.R.A. Ap. XXIV, ODIN solicitó la autorización inmediata para incautar la obra notarial.

Examinada la solicitud de ODIN, el 14 de noviembre de 2013, este Tribunal emitió una Resolución en la cual le concedimos al licenciado Medina Perea el término final e improrrogable de cinco días para remitir a ODIN la obra notarial adeudada y para mostrar causa por la cual no debía ser sancionado por su incumplimiento con la Ley Notarial de Puerto Rico, *supra*. Asimismo, se le apercibió que su incumplimiento con lo ordenado podría conllevar la imposición de sanciones y la suspensión del ejercicio de la abogacía. La Resolución fue notificada personalmente el 15 de noviembre de 2013. El referido término otorgado venció el **22 de noviembre de 2013.**

A pesar del apercibimiento, el licenciado Medina Perea no cumplió con nuestra exigencia. No fue sino hasta el 27 de noviembre de 2013, más allá del término de cinco días otorgados por este Tribunal, que Medina Perea presentó un escrito intitulado *Moción en cumplimiento de orden*. En éste, informó a esta Curia que remitió a ODIN parte de la obra notarial requerida. Empero, solicitó que se le concediera un término adicional de diez días para

completar el proceso. Reconoció, además, "no haber sido consecuente con las normas de este Tribunal". *Moción en cumplimiento de orden*, a la pág. 1.

Entretanto, mediante escrito intitulado *Moción informativa notificando incumplimiento de orden del Tribunal Supremo*, ODIN informó que el licenciado Medina Perea **no se había comunicado con la Inspectora de Protocolos a cargo de la inspección de su obra notarial.** De igual forma, señaló que éste no había remitido al Registro General de Competencias Notariales sus Índices de Actividad Notarial Mensual, así como los Informes Estadísticos de Actividad Notarial Anual adeudados. A su vez, **ODIN confirmó que el letrado tampoco se había comunicado con el personal administrativo de la oficina para encaminar el trámite relacionado con la orden emitida por este Tribunal.** En consecuencia, ODIN solicitó a esta Curia lo siguiente: a) la autorización para incautar inmediatamente la obra notarial de Medina Perea; b) la imposición de la medida disciplinaria pertinente; y c) cualquier otro pronunciamiento que en Derecho proceda.

**II.**

Reiteradamente, hemos sido enfáticos en expresar que los abogados tienen el deber y la obligación de responder diligentemente a los requerimientos y órdenes emitidas por esta Curia. *In re* Irizarry Colón, 2013 T.S.P.R. 145, 189 D.P.R. ___ (2013); *In re* Da Silva Arocho, 2013 T.S.P.R. 142, 189 D.P.R. ___ (2013); *In re* López González, 2013 T.S.P.R. 105, 189 D.P.R. ___ (2013); *In re* Arroyo Rivera,

182 D.P.R. 732 (2011); *In re Arzón Rivera*, 175 D.P.R. 763 (2009). Un abogado que desatiende las órdenes de este Tribunal incurre en violación al precepto ético dispuesto en el Canon 9 de Ética Profesional, el cual establece que: "[e]l abogado debe observar para con los tribunales una conducta que se caracterice por el mayor respeto". 4 L.P.R.A. Ap. IX, C. 9. Véanse, *In re Da Silva Arocho*, *supra*; *In re Piñeiro Vega*, 2013 T.S.P.R. 36, 188 D.P.R. ___ (2013); *In re Rosario Martínez*, 184 D.P.R. 494, 498 (2012); *In re Fiel Martínez*, 180 D.P.R. 426, 431 (2010). En consecuencia, procede la suspensión inmediata de aquellos miembros de la profesión que incumplan con nuestros requerimientos e ignoren los apercibimientos de sanciones disciplinarias. *In re Irizarry Colón*, *supra*; *In re Da Silva Arocho*, *supra*; *In re López González*, *supra*; *In re Arroyo Rivera*, *supra*; *In re Torres Viera*, 179 D.P.R. 868 (2010). Ello, pues, esta actitud de indiferencia y menosprecio a la autoridad del Tribunal merece la suspensión del togado, ya que no puede ser tomada livianamente. *In re Fiel Martínez*, *supra*, a la pág. 431. *In re Pagán Ayala*, 130 D.P.R. 678, 683 (1992).

Del mismo modo, hemos establecido que el deber de responder no se circunscribe a los requerimientos emitidos por este Foro; también se extiende a las exigencias que le imponga cualquier otro foro al que el abogado se encuentre obligado a comparecer. *In re Piñeiro Vega*, *supra*; *In re García Baliñas*, 167 D.P.R. 125 (2006). A tales efectos, esta Curia ha sido diáfana en pautar que las órdenes de

ODIN exigen igual obediencia. *In re* Da Silva Arocho, *supra;* *In re* Piñeiro Vega, *supra; In re* Montes Díaz, 184 D.P.R. 90, 94 (2011).

Entonces, el incumplimiento con nuestros requerimientos, o con aquellos emitidos por ODIN, y el hacer caso omiso al apercibimiento de sanciones disciplinarias, constituye un proceder inaceptable que acarrea la suspensión inmediata de la práctica legal. *In re* Irizarry Colón, *supra; In re* Da Silva Arocho, *supra; In re* López González, *supra; In re* Piñeiro Vega, *supra; In re* Rojas Rojas, 185 D.P.R. 405, 407 (2012); *In re* Arroyo Rivera, *supra; In re* Torres Viera, 179 D.P.R. 868 (2010). De igual forma, hemos señalado que si luego de concederle un término a un letrado para que muestre causa por la cual no deba ser suspendido de la profesión éste incumple, procede la suspensión del ejercicio de la abogacía. *In re* Piñeiro Vega, *supra*.

A pesar de lo anterior, desafortunadamente nos enfrentamos con el hecho de que múltiples abogados contravienen las órdenes de este Tribunal y de los organismos a los cuales hemos encomendado la tarea de investigar posibles violaciones a las normas que rigen la profesión. Por tanto, como corolario de la reiterada inobservancia de los miembros de la profesión de la abogacía con los anteriores preceptos éticos básicos, otra vez dejamos meridianamente consignado que:

> **este tribunal no flaqueará en suspender a los togados que demuestren un reiterado incumplimiento con los términos finales y**

**perentorios impuestos para cumplir con nuestras órdenes**. _In re_ García Ortiz, 187 D.P.R. 507 (2012), citando a: _In re_ Asencio Márquez, 183 D.P.R. 659, 664 (2011). (Énfasis suplido).

## III.

A todas luces, el licenciado Medina Perea ha hecho caso omiso a nuestros requerimientos. De esta forma, pretende echar a un lado nuestros reiterados pronunciamientos sobre el deber y obligación ineludible de todo abogado de responder diligentemente a las órdenes dictadas por este Tribunal y de otros foros, como es el caso de ODIN.

Ante ello, procede que ejerzamos nuestra facultad inherente de regular la profesión y suspendamos inmediatamente del ejercicio de la abogacía y la notaría al licenciado Medina Perea. Esta suspensión inmediata del ejercicio encuentra su sostén en un deber crucial para la profesión jurídica: el acatamiento oportuno de los requerimientos de este Tribunal, al igual que de aquellos expedidos por cualquier otro foro al cual un abogado viene llamado a comparecer.

## IV.

Al amparo de los fundamentos que anteceden, suspendemos inmediatamente al Lcdo. Augusto C. Medina Perea del ejercicio de la abogacía y la notaría hasta tanto cumpla con las órdenes de esta Curia y subsane la totalidad de las deficiencias notariales señaladas por ODIN. Previo a ser reinstalado en la práctica de la notaría, éste deberá evidenciar que ha rectificado todas

las fallas notariales descritas mediante *Certificación* emitida por ODIN. Se le apercibe al señor Medina Perea que la presente acción disciplinaria no lo exime de tener que subsanar las deficiencias señaladas por ODIN en su obra notarial. Dicha obligación subsiste y su desatención lo expondría al correspondiente procedimiento de desacato. En relación a la queja AB-2013-20, se ordena que se mantenga unida al expediente del señor Medina Perea para que la misma sea examinada al momento en que éste solicite la reinstalación.

Por su parte, se le ordena al Alguacil de este Tribunal incautar inmediatamente la obra y el sello notarial del señor Medina Perea y entregar los mismos al Director de la Oficina de Inspección de Notarías para la correspondiente investigación e informe.

Asimismo, se le impone al señor Medina Perea el deber de notificar a todos sus clientes sobre su inhabilidad para continuar representándolos, y devolverles cualesquiera honorarios recibidos por trabajos no realizados. De igual forma, tendrá que informar oportunamente de su suspensión a cualquier sala del Tribunal General de Justicia o foro administrativo en el que tenga algún caso pendiente. Deberá acreditar y certificar ante este Tribunal el cumplimiento con lo anterior, dentro del término de treinta días contados a partir de la notificación de la presente Opinión *Per Curiam* y Sentencia.

Notifíquese personalmente esta Opinión *Per Curiam* y Sentencia al Sr. Augusto C. Medina Perea por la Oficina del Alguacil de este Tribunal.

Se dictará sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Augusto C. Medina Perea                    TS-11,241

SENTENCIA

San Juan, Puerto Rico, a 10 de febrero de 2014.

Por las razones expuestas en la Opinión *Per Curiam* que antecede, la cual se hace formar parte de la presente Sentencia, suspendemos inmediatamente al Sr. Augusto C. Medina Perea del ejercicio de la abogacía y la notaría hasta tanto cumpla con las órdenes de esta Curia y subsane la totalidad de las deficiencias notariales señaladas por ODIN. Previo a ser reinstalado en la práctica de la notaría, éste deberá evidenciar que ha rectificado todas las fallas notariales descritas mediante *Certificación* emitida por ODIN. Se le apercibe al señor Medina Perea que la presente acción disciplinaria no lo exime de tener que subsanar las deficiencias señaladas por ODIN en su obra notarial. Dicha obligación subsiste y su desatención lo expondría al correspondiente procedimiento de desacato. En relación a la queja AB-2013-20, se ordena que se mantenga unida al expediente del señor Medina Perea para que la misma sea examinada al momento en que éste solicite la reinstalación.

Asimismo, se le impone al señor Medina Perea el deber de notificar a todos sus clientes sobre

su inhabilidad para continuar representándolos, y devolverles cualesquiera honorarios recibidos por trabajos no realizados. De igual forma, tendrá que informar oportunamente de su suspensión a cualquier sala del Tribunal General de Justicia o foro administrativo en el que tenga algún caso pendiente. Deberá acreditar y certificar ante este Tribunal el cumplimiento con lo anterior, dentro del término de treinta días contados a partir de la notificación de la presente Opinión *Per Curiam* y Sentencia.

Finalmente, se le ordena al Alguacil de este Tribunal incautar inmediatamente la obra y el sello notarial del señor Medina Perea y entregar los mismos al Director de la Oficina de Inspección de Notarías para la correspondiente investigación e informe.

Notifíquese personalmente esta Opinión *Per Curiam* y Sentencia al Sr. Augusto C. Medina Perea por la Oficina del Alguacil de este Tribunal.

Lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo.


                         Aida Ileana Oquendo Graulau
                         Secretaria del Tribunal Supremo