EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: | |
|---|---|
| | 2014 TSPR 99 |
| Armando F. Pietri Torres | 191 DPR ____ |

Número del Caso: CP-2013-9

Fecha: 6 de agosto de 2014

Abogado del Peticionario:

      Por derecho propio

Oficina de la Procuradora General:

      Lcda. Margarita Mercado Echegaray
      Procuradora General

      Lcda. Minnie H. Rodríguez López
      Procuradora General Auxiliar

Comisionado Especial:

      Hon. Carlos S. Dávila Vélez

Materia: Conducta Profesional – Amonestación por violación al Canon 18 de Ética Profesional.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Armando F. Pietri Torres                    CP-2013-9

*PER CURIAM*

En San Juan, Puerto Rico, a 6 de agosto de 2014.

En esta ocasión, nos vemos precisados a ejercer nuestra facultad disciplinaria contra un miembro de la profesión por violar el deber de diligencia que establece el Canon 18 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX, C. 18. Por los fundamentos que a continuación enunciamos, amonestamos al Lcdo. Armando F. Pietri Torres.

Para la atención de la querella ética que nos ocupa, veamos los antecedentes fácticos que se desprenden del Informe del Comisionado Especial y del legajo del caso.

# I

El Lcdo. Armando F. Pietri Torres (licenciado Pietri Torres o el querellado) fue admitido al ejercicio de la abogacía el 26 de junio de 1996. El 13 de octubre de 2011, el Sr. Crisóstomo Santana Caraballo (señor Santana Caraballo o el querellante) presentó una queja (AB-2011-344) ante el Tribunal Supremo contra el licenciado Pietri Torres. La misma tiene su génesis luego de que el señor Santana Caraballo contratara los servicios legales del querellado y de la Lcda. Wanda I. Marín Lugo (licenciada Marín Lugo). Ello, para que lo representaran en una apelación de su expulsión del Cuerpo de la Policía pendiente ante la Comisión de Investigación, Procesamiento y Apelación (CIPA).

Así las cosas, el 18 de enero de 2011 y notificada el 28 de marzo de 2011, la CIPA emitió una Resolución mediante la cual confirmó la expulsión del querellante del Cuerpo de la Policía de Puerto Rico. En la referida Resolución, la CIPA le notificó al señor Santana Caraballo que tenía el derecho de presentar un recurso de revisión ante el Tribunal de Apelaciones dentro del término jurisdiccional de 30 días contados a partir de la notificación de la resolución final. No obstante, el querellado presentó el recurso de revisión judicial ante el Tribunal de Apelaciones 31 días después de archivada en autos la copia de la notificación de la resolución final de la CIPA.

En ese escenario, el 15 de julio de 2011 el Tribunal de Apelaciones emitió una Sentencia[1] en la que desestimó el recurso de revisión judicial. Concluyó, que el mismo sufría del insubsanable defecto de falta de jurisdicción por presentarse tardíamente. La licenciada Marín Lugo notificó al querellante de la sentencia del foro apelativo intermedio. Asimismo, le orientó sobre su derecho de presentar un recurso de *certiorari* ante el Tribunal Supremo. Empero, el querellante expresó que no interesaba solicitar tal revisión. Por tal razón, le fue entregado el expediente de su caso.

El 13 de octubre de 2011, el señor Santana Caraballo presentó por derecho propio ante el Tribunal Supremo un recurso de *certiorari* para revisar la decisión del Tribunal de Apelaciones. Alegó como primer y único error que:

> Erró el Tribunal de Apelaciones al no tomar en consideración el escrito de recurso de revisión de decisión administrativa por ser tardío, aun cuando el peticionario desconocía que el mismo se había radicado tardíamente por su abogado, Lcdo. Armando Felipe Pietri Torres.

En esa misma fecha, el señor Santana Caraballo presentó la referida queja AB-2011-344. En lo que respecta al auto de *certiorari* solicitado, el 27 de enero de 2012 emitimos una Resolución en la que declaramos no ha lugar el mismo por falta de jurisdicción. Respecto a la queja presentada, el licenciado Pietri Torres sometió

---

[1] KLRA2011-00393.

oportunamente su contestación a la misma. En síntesis, expuso que no actuó de manera antiética en la tramitación del caso del señor Santana Caraballo, pues fue diligente en todo momento y mantuvo a su cliente informado. Ese mismo día, la licenciada Marín Lugo solicitó intervenir en el caso por haber representado al señor Santana Caraballo junto al querellado en los procedimientos ante la CIPA y el Tribunal de Apelaciones.

Así las cosas, el 6 de diciembre de 2011, sometimos copia de la queja y de la contestación presentada a la Oficina del Procurador General para investigación e informe. El 4 de septiembre de 2012, el Procurador General nos presentó su informe. En el mismo, concluyó que el licenciado Pietri Torres infringió el deber de diligencia contenido en el Canon 18 del Código de Ética Profesional, *supra*.

Luego de evaluar el *Informe del Procurador General* y la *Moción expresándose sobre informe*, el 25 de enero de 2013, emitimos una resolución ordenando la presentación de la querella. En vista de ello, el 7 de marzo de 2013, la Procuradora General presentó la Querella Núm. CP 2013-9. En la misma, le imputó al querellado el siguiente cargo:

> El licenciado Armando F. Pietri Torres faltó a los deberes de diligencia y competencia contemplados en el Canon 18 de Ética Profesional, *supra*, al no defender adecuadamente los intereses de su cliente Crisóstomo Santana Caraballo, y radicar tardíamente ante el Tribunal de Apelaciones el recurso de revisión que se le había encomendado, ocasionando que dicho foro se declarara sin jurisdicción y desestimara el recurso.

El 16 de abril de 2013, el licenciado Pietri Torres presentó su contestación al cargo imputado. En la misma, solicitó al Tribunal que se archivara la querella, pues entendía que fue diligente durante la tramitación del caso del señor Santana Caraballo. Vista la *Querella* presentada por la Oficina del Procurador General y la *Contestación a querella por conducta profesional* presentada por el querellado, el 29 de octubre de 2013 nombramos al Hon. Carlos Dávila Vélez, ex Juez del Tribunal de Primera Instancia, para que, en presencia de las partes y en calidad de Comisionado Especial, recibiera la prueba y nos rindiera un informe con las determinaciones de hechos y recomendaciones que estimara pertinentes.

El 16 de diciembre de 2013, las partes presentaron el *Informe sobre conferencia preliminar entre abogados.* Ese mismo día, se celebró la Vista Inicial del caso. En la misma, el Comisionado informó que la parte querellada radicó una Moción Urgente solicitando un término adicional para presentar varias declaraciones juradas de personas de la comunidad que acreditarían su buena reputación.[2] Además, el querellado informó que una de las personas que prestaría declaración jurada se encontraba en sala. Ante ello, se llamó al testigo, Sr. Federico Rentas Rodríguez.

---

[2] El 5 de diciembre de 2013, la Lcda. Rosemary Borges Capó suscribió una carta sobre la reputación del querellado. Empero, la misma no pudo ser juramentada, por lo que se marcó como evidencia ofrecida y no admitida. De otra parte, el 28 de enero de 2014, el Lcdo. Drianfel E. Vázquez Torres presentó una declaración jurada en la que expresó que conoce al querellado en el ámbito personal y profesional. Además, señaló que el licenciado Pietri Torres es una persona responsable y comprometida con su profesión.

Este fue interrogado por el querellado y por la Procuradora General Auxiliar, la Lcda. Minnie H. Rodríguez López.

El 27 de enero de 2014, el querellado presentó su *Argumentación final*. En la misma, aceptó que presentó el recurso de revisión tardíamente ante el Tribunal de Apelaciones. Empero, señaló que existía una controversia en cuanto a la fecha de la notificación y del recibo del escrito del recurso de revisión.[3] Además, expresó que le notificó inmediatamente al querellante del recibo de la Resolución y que este no quiso continuar con el caso.

Finalmente, el 13 de febrero de 2014 el Hon. Carlos Dávila Vélez nos presentó su *Informe*. En esencia, nos invitó a concluir que el querellado violó el deber de diligencia del Canon 18, *supra*, al presentar tardíamente el recurso de revisión judicial que le fue encomendado por el querellante. Además, nos aconsejó que, considerada la totalidad de las circunstancias, limitemos la sanción a una amonestación y a que se le ordene devolver al querellante la cantidad de $250 pagados por éste para la presentación del recurso de revisión judicial.

El 16 de abril de 2014, el querellado nos presentó una *Moción en cumplimiento de orden.* En la misma, señaló que, conforme a la recomendación del Comisionado Especial,

---

[3] El 18 de mayo de 2011, el Tribunal de Apelaciones le ordenó al recurrente someter copia del sobre con el matasello del correo, acreditando que la Resolución de la CIPA fue notificada el 30 de marzo de 2011. El 29 de junio de 2011, el querellado presentó en el Tribunal de Apelaciones una moción en cumplimiento a esa orden. Sometió el sobre con el matasello del correo con la fecha del 28 de marzo de 2011.

envió al señor Santana Caraballo un giro postal por la cantidad de $250.

Examinado el marco fáctico que antecede, pasemos a exponer el estado de derecho aplicable a la situación ante nuestra consideración.

## II

Como mencionáramos, la querella presentada por la Oficina del Procurador General le imputó al licenciado Pietri Torres violación al Canon 18 de Ética Profesional, *supra*, al no ser diligente en la tramitación del caso de su cliente.

El Canon 18 del Código de Ética Profesional, *supra*, establece que:

> Será impropio de un abogado asumir una representación profesional cuando está consciente de que no puede rendir una labor idónea competente y que no puede prepararse adecuadamente sin que ello apareje gastos o demoras irrazonables a su cliente o a la administración de la justicia. **Es deber del abogado defender los intereses del cliente diligentemente, desplegando en cada caso su más profundo saber y habilidad y actuando en aquella forma que la profesión jurídica en general estima adecuada y responsable.** (Énfasis nuestro).

El referido precepto ético recoge el deber de diligencia de todo abogado en la atención de los asuntos de sus clientes. In re Zayas Nieves, 181 D.P.R. 49, 54 (2011). Este deber impone al abogado la obligación de desempeñarse de forma capaz y diligente cuando se encuentra inmerso en un asunto que conlleva defender los intereses de su cliente. Íd. El deber de diligencia

constituye una obligación básica y elemental del abogado hacia su cliente. In re Dávila Toro, 179 D.P.R. 833, 842 (2010).

En ese contexto, hemos expresado que un abogado falta a su deber de diligencia cuando no realiza las gestiones que le fueron encomendadas en el momento oportuno, de la forma adecuada y sin retrasos. In re Reyes Coreano, 2014 T.S.P.R. 51, pág. 12 (2014). Asimismo, hemos señalado reiteradamente que el deber de diligencia profesional es incompatible con la desidia, la despreocupación y la displicencia en el trámite de un caso. In re Reyes Coreano, supra, pág. 13. Hay conductas específicas que contravienen los principios del Canon 18, supra. Entre estas conductas se encuentran: (1) no comparecer a los señalamientos del tribunal; (2) no contestar los interrogatorios sometidos; (3) no informar a las partes sobre la presentación de un perito; (4) desatender o abandonar el caso; **(5) permitir que expire el término prescriptivo o jurisdiccional de una acción; (6) cualquier tipo de acción negligente que pueda conllevar o, en efecto, resulte en la desestimación o el archivo del caso.** In re Plaud González, 181 D.P.R. 874, 886-887 (2011); In re Vilches López, 170 D.P.R. 793, 798 (2007).

Asimismo, anteriormente, este Tribunal ha señalado que "aquella actuación negligente que pueda conllevar o en efecto conlleve, la desestimación o archivo de un caso, se configura violatoria del Canon 18 de los Cánones de Ética

Profesional". <u>In re Díaz Nieves</u>, 189 D.P.R. 1000, 1011-1012 (2013); <u>In re Nieves Nieves</u>, 181 D.P.R. 25, 37 (2011).

Expuesto el marco ético, pasemos a discutir si el licenciado Pietri Torres infringió las disposiciones del Canon 18, *supra*.

**III**

Como explicamos en detalle, contra el licenciado Pietri Torres se presentó una queja ante este Tribunal por acudir en revisión ante el Tribunal de Apelaciones fuera del término jurisdiccional. De hecho, en su *Argumentación final*, el querellado aceptó que presentó tardíamente el recurso de revisión ante el foro apelativo intermedio. No obstante, explicó que hubo controversia respecto a la fecha de la notificación y del recibo del referido recurso. También sostuvo que notificó inmediatamente a su cliente del recibo de la Resolución, pero que éste desistió del caso. Por ello, como explicamos anteriormente, el Comisionado Especial nos sugirió limitar la sanción a una amonestación y a ordenarle devolver al cliente los $250 que éste le pagó para acudir ante el Tribunal de Apelaciones. Según surge del expediente, el letrado ya devolvió al querellante la cantidad mencionada.

Ahora bien, a pesar de tal devolución, no hay duda de que el querellado incumplió con el deber que impone el Canon 18 del Código de Ética Profesional, <u>supra</u>, al presentar el recurso de revisión judicial expirado el

término jurisdiccional. Esta conducta denota falta de diligencia al tramitar la causa de acción de su cliente, lo cual ocasionó que el Tribunal de Apelaciones desestimara la acción del señor Santana Caraballo por esta adolecer del insubsanable defecto de falta de jurisdicción. En ese escenario, el licenciado Pietri Torres incumplió con su deber ineludible de proteger los intereses de su cliente desde que asumió su representación. Al así hacerlo, violó el Canon 18, supra.

Consecuentemente, considerada la totalidad de las circunstancias, acogemos la recomendación del Comisionado Especial y limitamos su sanción a una amonestación. De esta manera, reafirmamos que actuaciones de esta naturaleza no serán toleradas por este Tribunal.

**IV**

Por los fundamentos que anteceden, limitamos la sanción del Lcdo. Armando F. Pietri Torres a una amonestación por violar el Canon 18 del Código de Ética Profesional, supra. Le apercibimos que de incurrir en conducta impropia en el futuro, podrá ser sancionado de forma más severa, incluyendo la suspensión indefinida del ejercicio de la abogacía. Le advertimos, además, que deberá ser más cuidadoso con el ejercicio profesional que desempeña y ceñirse estrictamente a los preceptos que rige el Código de Ética Profesional, supra.

Se dictará sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

                                    CP-2013-9

Armando F. Pietri Torres


                        SENTENCIA


En San Juan, Puerto Rico, a 6 de agosto de 2014

        Por los fundamentos expuestos en la Opinión
*Per Curiam* que antecede, la cual se hace formar
parte de la presente Sentencia, amonestamos al
Lcdo. Armando F. Pietri Torres y le apercibimos que
en el futuro se abstenga de incurrir en conducta
que lesione los estándares éticos de la profesión
de la abogacía.

        Notifíquese personalmente.

        Lo pronunció y manda el Tribunal y certifica
la Secretaria del Tribunal Supremo. La Jueza
Asociada señora Rodríguez Rodríguez concurre sin
opinión escrita. El Juez Asociado señor Kolthoff
Caraballo no intervino.




                        Aida Ileana Oquendo Graulau
                        Secretaria del Tribunal Supremo