*In re* JORGE A. VERA VÉLEZ, querellado.

Número: AB-2001-230     *Resuelto:* 14 de octubre de 2003

*Carmen H. Carlos*, directora de la Oficina de Inspección de Notarías; *Felipe Benicio Sánchez* y *Peter Ortiz*, abogados de la parte querellada; *Godofredo Rosado Sánchez* y *Gloria Esther Santiago*, querellantes.

PER CURIAM:

## I

El 22 de octubre de 2001, los señores Godofredo Rosado Sánchez y Gloria Esther Santiago (los quejosos) presentaron una queja en contra del Lcdo. Jorge A. Vera Vélez (licenciado Vera Vélez o el querellado). A través de ésta, los quejosos manifestaron su insatisfacción con el trámite que realizó el querellado con la Escritura Núm. 29 de Segregación y Compraventa que se otorgó ante él el 7 de agosto de 2001.

Alegan los quejosos que cuando le solicitaron la Escritura Núm. 29 al querellado —a fin de inscribirla en el Registro de la Propiedad— éste les informó que no la podían inscribir porque faltaba el plano que aprobó la Administración de Reglamentos y Permisos (A.R.Pe.) y la certificación del Centro de Recaudos de Ingresos Municipales (C.R.I.M.). Asimismo, indicaron que estas advertencias no les fueron hechas al momento de otorgar la escritura, como tampoco se les mencionó la vigencia de la ley que prohíbe la segregación de una finca sin los correspondientes permisos. En consecuencia, adujeron que no han podido inscribir la finca adquirida debido a la negligencia del licenciado Vera Vélez.

El querellado contestó la queja mediante un escrito de 12 de noviembre de 2001. En su comparecencia, el licenciado Vera Vélez expresó que previo al otorgamiento de la escritura en controversia les explicó a los comparecientes cuál era el estado legal de la finca (aunque no lo hizo constar en la escritura), y que alegadamente en todo momento los quejosos entendían cuál era la condición de la finca

adquirida. Asimismo, nos informó que con el fin de aclarar la Escritura Núm. 29, el 9 de noviembre de 2001 otorgó el Acta de Subsanación Núm. 41 y sometió un plano a A.R.Pᴇ. para la segregación solicitada.

El 28 de noviembre de 2001, en cumplimiento con la Regla 14(d) del Reglamento del Tribunal Supremo, 4 L.P.R.A. Ap. XXI, la Secretaria de este Tribunal refirió copia del expediente de la queja de epígrafe a la Oficina de Inspección de Notarías (ODIN) para la investigación e informe correspondientes.

Tras estudiar las alegaciones de las partes, la ODIN emitió un Informe el 22 de octubre de 2002. En éste nos señala que los hechos probados evidencian que se conformó un negocio jurídico mal documentado, mal asesorado y pobremente redactado. Además, que era improcedente salvar la responsabilidad profesional aseverando que los compradores conocían de la situación de la finca. También, señaló la ODIN que la conducta del querellado representa una violación al Art. 15(g) de la Ley Notarial de Puerto Rico, 4 L.P.R.A. sec. 2033(g), el cual requiere que el notario haga advertencias específicas en el texto de la escritura —al momento de la autorización— para informar a todos los comparecientes de las consecuencias del negocio jurídico que se lleva a cabo.

Examinada la comparecencia de la ODIN, emitimos una resolución el 25 de noviembre de 2002, mediante la cual le concedimos al querellado un término de veinte días para que se expresara sobre el susodicho informe.

Luego de varios trámites procesales, y tras este Tribunal conceder una serie de prórrogas, el querellado compareció ante nos el pasado 14 de julio de 2003. En su escrito, el licenciado Vera Vélez reconoce su falla en la controversia de epígrafe y acepta que lo separemos permanentemente de la notaría. Sin embargo, en atención a su trayectoria personal y la ausencia de mácula de comportamiento antietiético alguno en su desempeño profesional, nos implora que no lo separemos de la profesión de abogado. Igualmente, mediante Moción Complentaria e Informativa

—adjunta a su contestación— el querellado incluyó prueba fehaciente de las transacciones que ha realizado posterior a la escritura impugnada, con miras a mitigar el daño causado.

Nos corresponde resolver, pues, si procede sancionar al licenciado Vera Vélez por los hechos aquí relacionados. Veamos.

## II

El querellado señaló en su contestación a la queja presentada que, aunque no hizo expresión sobre el trámite legal requerido para toda segregación de terrenos en el texto de la referida Escritura Núm. 29, le comunicó verbalmente a los quejosos sobre éste, y aseveró que ellos conocían la condición de la finca adquirida. Es decir, el querellado sugiere que su notificación verbal a los quejosos y el alegado conocimiento previo de éstos, salva su responsabilidad profesional en el caso de autos. No tiene razón el querellado.

■ La Ley Notarial de Puerto Rico dispone, en su Art. 15(g), que:

(g) *En una escritura de compraventa en la cual se efectúe un negocio jurídico sobre una porción abstracta e indefinida en pro indiviso de un terreno, el notario tendrá que advertirle a los otorgantes los efectos legales de la comunidad de bienes, según lo establecido por las disposiciones del Código Civil de Puerto Rico.* Además, advertirá que no podrá segregar, lotificar, marcar o de algún modo identificar su participación sobre dicho terreno sin el correspondiente permiso de la Junta de Planificación, la Administración de Reglamentos y Permisos o la agencia correspondiente. Que la participación adquirida por el comprador es abstracta e indefinida y que cualquier arreglo, convenio o pacto para segregar, lotificar, marcar o de algún modo identificar será nulo e ineficaz y podría constituir delito, si no existe el correspondiente permiso de las agencias reguladoras. Incluirá también la aceptación del comprador de adquirir en capacidad de comunero, todo lo cual hará constar

en el texto de la escritura. (Énfasis suplido.) 4 L.P.R.A. sec. 2033(g).

■ Por lo tanto, al dejar de advertir expresamente en la Escritura de Compraventa y Segregación las contingencias inherentes a este tipo de transacción,[1] el licenciado Vera Vélez violó nuestra Ley Notarial y se expuso a ser disciplinado por esta Curia. Ello así, toda vez que el notario, en el despliegue de su función, está obligado a cumplir estrictamente con la Ley Notarial, los cánones del Código de Ética Profesional y con el contrato entre las partes. Véase *In re Rivera Arvelo y Ortiz Velázquez*, 132 D.P.R. 840 (1993).

■ No obstante, en repetidas ocasiones hemos expresado que al determinar la sanción aplicable a un abogado que ha incurrido en conducta impropia, este Tribunal tomará en consideración factores tales como el previo historial del abogado, si se trata de una primera falta o de una conducta aislada, y si el abogado goza de buena reputación en la comunidad. *In re Rivera Arvelo y Ortiz Velázquez*, supra.

Al aplicar esta norma al caso de marras, observamos que esta es la tercera ocasión en que nos vemos precisados a tomar una acción disciplinaria en contra del querellado por su pobre desempeño notarial. En la primera ocasión, *In re Vera Vélez*, 136 D.P.R. 284 (1994), la acción disciplinaria se debió a que el querellado expresó en una escritura de compraventa que otorgó, que uno de los comparecientes era soltero cuando en realidad era casado. Sin embargo, en vista de que durante los más de treinta y cuatro años que llevaba ejerciendo la abogacía y la notaría nunca hubo que

---

[1] Sobre este particular, véase la opinión *Preciosas V. del Lago v. Registrador*, 110 D.P.R. 802, 811 (1981), en la cual señalamos que, de acuerdo con el Art. 22 de la Ley Orgánica de la Administración de Reglamentos y Permisos, 23 L.P.R.A. sec. 71u, no será inscribible una escritura de segregación sin el correspondiente permiso de la agencia.

disciplinarlo, dispusimos del caso mediante censura y apercibimiento.

Mientras que, en la segunda ocasión, *In re Vera Vélez*, 148 D.P.R. 1 (1999), el querellado otorgó una escritura sin hacer constar en ésta: (1) que el comprador había efectuado el pago; (2) que la finca objeto de la escritura tenía un gravamen hipotecario, a pesar de que él mismo realizó el estudio de título correspondiente; (3) que el precio de venta era realmente de $60,000 y no $90,000, como se hizo constar en la escritura, y (4) que el precio de $60,000 se debía al estado de deterioro en que se encontraba la propiedad. Por tales faltas suspendimos al licenciado Vera Vélez por un año del ejercicio de la notaría.

En vista de este desafortunado historial como notario, y en atención de que el querellado se allana a esto en su última comparecencia ante nos, *suspendemos indefinidamente al licenciado Vera Vélez del ejercicio de la notaría. Dado que su historial en la práctica de la abogacía no nos ilustra alguna instancia de incumplimiento con sus deberes éticos o de desempeño inmeritorio, permitimos al querellado seguir ejerciendo como abogado, apercibiéndolo de que deberá cumplir rigurosamente con las normas que rigen la profesión, so pena de sanciones más severas.*

*Se dictará sentencia de conformidad.*