EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: | 2013 TSPR 105 |
| | |
| | 189 DPR ____ |
| Calixto A. López González | |

Número del Caso: AB-2012-121


Fecha: 2 de octubre de 2013


Materia: Conducta Profesional – La suspensión será efectiva el  4 de octubre de 2013, fecha en que se le notificó al abogado de su suspensión inmediata.


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| *In re*<br><br>Calixto A. López González | AB-2012-121 |

PER CURIAM

San Juan, Puerto Rico, a 2 de octubre de 2013

Nuevamente nos encontramos con otro miembro de la profesión legal que muestra una conducta inaceptable. Nos enfrentamos, una vez más, con una falta al cumplimiento de las órdenes emitidas por este Tribunal en el ejercicio de su jurisdicción disciplinaria. Tal y como hemos actuado anteriormente, corresponde sancionar esta irrespetuosa conducta mediante la suspensión inmediata e indefinida de la profesión jurídica al abogado en incumplimiento. Además de la queja que hoy atendemos, el expediente del licenciado Calixto A. López González contiene los siguientes procedimientos disciplinarios en curso que se mantendrán inactivos mientras dure la suspensión: Queja: AB-2008-77; Queja AB-2009-149, Queja AB-2010-042, Queja AB-2010-302 y Queja AB-2011-336.

I

El pasado 22 de diciembre de 2009 la Sra. Carmen De León presentó una queja en contra del licenciado Calixto A.

López González ante la Comisión de Ética del Colegio de Abogados de Puerto Rico. En esencia, la señora De León expuso que contrató al licenciado López González para presentar tres demandas ante el Tribunal de Primera Instancia y que, una vez presentadas el querellado "no mostró interés en continuar el proceso y radicó moción de desistimiento en los tres casos sin mi consentimiento". *Formulario de Queja Sobre Conducta Profesional de Abogado(a) presentada por la Sra. Carmen De León*. Una vez recibida la queja, el 23 de marzo de 2010 la Comisión de Ética del Colegio de Abogados de Puerto Rico (Comisión de Ética) le cursó una comunicación al licenciado López González concediéndole un término de treinta (30) días para contestar la misma. Transcurrido el término, el 28 de abril de 2010 la Comisión de Ética le concedió un término adicional de diez (10) días al querellado para que le notificara su posición sobre las imputaciones éticas ante su consideración.

Tras una comunicación por parte del licenciado López González donde informaba un cambio de dirección postal, el 12 de julio de 2010 la Comisión de Ética le informó que de no recibir alguna contestación con respecto a la queja en un periodo de veinte (20) días, remitiría la misma al Tribunal Supremo para que tomáramos la acción que estimáramos correspondiente. No es hasta el 6 de agosto de 2010 que el licenciado López González presentó su contestación a la queja. Alegó que en los casos presentados no se pudieron diligenciar los emplazamientos

y, por lo tanto, solicitó el desistimiento sin perjuicio. Además, arguyó que a la fecha de su contestación ninguna de las causas de acción había prescrito y podrían radicarse nuevamente. Luego de un intercambio de comunicaciones entre la querellante y el querellado, por medio de la Comisión de Ética, el 28 de febrero de 2011 la Comisión le concedió un término de treinta (30) días a ambas partes para que informaran si habían podido reunirse para resolver el asunto. Asimismo, la Comisión les solicitó que de no llegar a un acuerdo, informaran las medidas que tomarían para no permitir que los casos prescribieran.

El 16 de marzo de 2011 la querellante informó que no tenía interés en llegar a un acuerdo. Mientras que el 12 de abril de 2011 el querellado solicitó cuarenta y cinco (45) días para presentar nuevamente las demandas y diligenciar los emplazamientos. Una vez completara este proceso, propuso informar a la señora De León y solicitar al Tribunal que lo relevara de la representación legal. El 28 de abril de 2011 la Comisión de Ética le concedió el término solicitado e informó a ambas partes que este expiraba el día 12 de junio de 2011. En vista de la comunicación de la Comisión de Ética, el 27 de mayo de 2011 la Sra. De León solicitó la devolución de los $1,150.00 que había adelantado al querellado por sus servicios profesionales.

Transcurridos los cuarenta y cinco (45) días concedidos, el 27 de septiembre de 2011 la Comisión se comunicó con el querellado informándole de su

incumplimiento e informando que la señora De León deseaba la devolución del dinero que le había adelantado. Finalmente, apercibió al querellado que de no resolverse el asunto en un término de treinta (30) días referiría el caso a este Tribunal.

El 27 de marzo de 2012, la Comisión de Ética compareció ante nosotros por medio de su Oficial Investigadora. Expuso los hechos relatados anteriormente y sometió el caso para que tomáramos la acción correspondiente. Evaluada la *Moción Informativa sobre Incumplimiento de Colegiado*, le concedimos al licenciado López González un término de diez (10) días, contados a partir de la notificación de la Resolución, para que compareciera ante el Colegio de Abogados y que expusiese ante nosotros las razones por las cuales no debería ser disciplinado. De la misma manera se le apercibió que el no cumplir con la Resolución de este Tribunal, podría conllevar sanciones disciplinarias severas, incluyendo la suspensión del ejercicio de la profesión. Según consta en el expediente, el querellado quedó debidamente notificado de esta Resolución el 14 de marzo de 2012. Sin embargo, transcurridos dieciocho (18) meses, el licenciado López González aún no ha cumplido con lo ordenado.

**II**

En numerosas ocasiones hemos señalado que los abogados y abogadas tienen el deber y la obligación de responder diligentemente los requerimientos y órdenes del Tribunal. *In re Aponte del Valle*, 2013 T.S.P.R. 88, *In re Morales*

*Rodríguez*, 179 D.P.R. 766 (2010); *In re Feliciano Jiménez*, 176 D.P.R. 234 (2009). En particular, el Canon 9 del Código de Ética Profesional establece que todo abogado o abogada debe observar una conducta caracterizada por el mayor respeto hacia los tribunales. 4 L.P.R.A. Ap. IX. La naturaleza de la profesión de la abogacía requiere a todo letrado una atención activa particularmente a los requerimientos relacionados a investigaciones disciplinarias. *In re Rivera Rosado*, 180 D.P.R. 698 (2011); *In re Torres Viera*, 179 D.P.R. 868 (2010).

De igual forma, hemos reiterado que ignorar o desatender las órdenes de este Tribunal constituye una falta ética distinta e independiente de los méritos de la queja presentada cuya sanción disciplinaria conlleva la suspensión indefinida del ejercicio de la profesión. *In re Aponte del Valle*, 2013 T.S.P.R. 88; *In re Rivera Rosado*, 180 D.P.R. 698 (2011); *In re Laborde Freyre I*, 154 D.P.R. 112 (2001). Este Tribunal no tolerará la indiferencia u obstinada negativa por parte de un miembro de nuestra profesión de cumplir con nuestras órdenes.

### III

Este caso nos muestra una vez más a un abogado que ignora por completo nuestros requerimientos. El licenciado López González ha demostrado con su conducta un desinterés y menosprecio por el procedimiento disciplinario que este Tribunal ha continuado luego de su incumplimiento con el proceso disciplinario llevado a cabo por la Comisión de Ética del Colegio de Abogados.

Según muestra el expediente, una vez la Comisión de Ética refirió a nuestra consideración la queja de la señora De León, se le concedió un término razonable al licenciado López González para que compareciera tanto ante el Colegio de Abogados como ante nosotros. Sin embargo, a pesar de haber recibido personalmente nuestra Resolución el pasado 14 de marzo de 2012, el querellado no ha presentado contestación o solicitud de un término adicional para evitar cualquier sanción disciplinaria. La desatención mostrada por el licenciado López González no nos permite otra cosa que no sea sancionarlo de la forma más severa.

Además, esta no es la primera sanción que el licenciado López González ha recibido por parte de este Tribunal. Según surge de su expediente, en el mes de octubre de 2012 a solicitud de la Oficina de Inspección de Notarías (ODIN) se tuvo que ordenar de manera inmediata la incautación de su obra notarial debido a la falta de colaboración por parte del licenciado López González para que se lograra la inspección ordinaria de su obra notarial, su violación al Art. 53 de la Ley Notarial al trasladar sin autorización sus protocolos, 4 L.P.R.A. sec. 2077, y por información obtenida por la Inspectora de Protocolos de que la obra notarial estaba en riesgo. Como se puede apreciar, la conducta mostrada por el licenciado López González no es aislada y requiere que este Tribunal tome las medidas disciplinarias correspondientes.

Por las razones expresadas anteriormente procede la suspensión inmediata e indefinida del licenciado López

González del ejercicio de la abogacía. El licenciado López González tiene la obligación de notificar a todos sus clientes que por motivo de su suspensión no podrá continuar con su representación legal, y deberá devolverle los expedientes de cualquier caso pendiente y los honorarios recibidos por trabajo no realizado. Igualmente, tiene la obligación de acreditar y certificar el cumplimiento de lo anterior dentro del término de treinta (30) días a partir de la notificación de esta Opinión *Per Curiam*.

Se dictará sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re*

Calixto A. López González          AB-2012-0121

SENTENCIA

San Juan, Puerto Rico, a 2 de octubre de 2013

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, los cuales se incorporan íntegramente a la presente, se dicta Sentencia y se procede la suspensión inmediata e indefinida del licenciado López González del ejercicio de la abogacía. El licenciado López González tiene la obligación de notificar a todos sus clientes que por motivo de su suspensión no podrá continuar con su representación legal, y deberá devolverle los expedientes de cualquier caso pendiente y los honorarios recibidos por trabajo no realizado. Igualmente, tiene la obligación de acreditar y certificar el cumplimiento de lo anterior dentro del término de treinta (30) días a partir de la notificación de esta Opinión.

Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. La Jueza Asociada señora Fiol Matta no intervino.

Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo