EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re:<br><br>Wilfredo E. Da Silva Arocho | 2013 TSPR 142<br><br>189 DPR ____ |
| --- | --- |

Número del Caso: TS-12,888


Fecha: 3 de diciembre de 2013


Abogado del Querellado:

          Por Derecho Propio

Oficina de Inspección de Notarías:


          Lcdo. Manuel E. Ávila de Jesús
          Director


Materia: Conducta Profesional – La suspensión será efectiva el 10 de diciembre de 2013, fecha en que se le notificó al abogado de sus suspensión inmediata.


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Wilfredo E. Da Silva Arocho          TS-12,888

PER CURIAM

San Juan, Puerto Rico, a 3 de diciembre de 2013.

Nuevamente nos vemos obligados a suspender a un miembro de la profesión jurídica por incumplir con los requerimientos de este Tribunal y de la Oficina de Inspección de Notarías (ODIN). Por los fundamentos esbozados a continuación, se ordena la suspensión inmediata e indefinida del Lcdo. Wilfredo E. Da Silva Arocho del ejercicio de la abogacía y la notaría.

I.

El licenciado Da Silva Arocho fue admitido al ejercicio de la abogacía el 24 de septiembre de 1999 y juramentó como notario el 1 de octubre de 1999. Este solicitó la renuncia voluntaria del ejercicio de la notaría mediante carta fechada el 28 de julio de 2011 por haber sido nombrado al cargo de fiscal especial en el Departamento de Justicia.

Durante el transcurso del trámite de renuncia voluntaria a la notaría, el letrado informó a ODIN que cuatro (4) tomos de su Registro de Testimonios fueron hurtados en marzo de 2011. Por ello, le concedimos un término de quince (15) días para entregar su obra notarial y reconstruir los Registros de Testimonios hurtados. Surge del *Informe sobre el Estado de la Obra Notarial* presentado por la entonces Directora de ODIN, Lcda. Lourdes I. Quintana Llórens, el 9 de agosto de 2012 que el licenciado entregó su obra notarial, mas no reconstruyó los registros hurtados. Además, se nos informó que, durante la inspección de la obra notarial entregada, se detectaron deficiencias serias. Estas fueron notificadas oportunamente al licenciado Da Silva Arocho.

El 14 de septiembre de 2012, le concedimos un término final de treinta (30) días para reconstruir los cuatro (4) tomos del Registro de Testimonios que fueron hurtados y subsanar las deficiencias señaladas en el Informe de ODIN. Lo apercibimos que el incumplimiento con estos requerimientos podía conllevar sanciones disciplinarias.

En atención a lo anterior, el 19 de octubre de 2012, el licenciado Da Silva Arocho presentó una Moción Informativa. En esta, adujo que estaba enfrentando problemas de salud y personales que le impedían cumplir con los requerimientos de este Tribunal. Por ello, solicitó un término adicional de sesenta (60) días para cumplir con nuestras órdenes. El 14 de diciembre de 2012, concedimos la solicitud del letrado. No obstante, al vencer el término, el licenciado aún no había dado cumplimiento a nuestras órdenes. Ante esto, y tras

recibir el insumo de ODIN, el 31 de mayo de 2013 le impusimos una sanción de $500. Además, le ordenamos que en diez (10) días coordinara una reunión con ODIN para subsanar las deficiencias en su obra notarial.

Luego de esto, el 8 de julio de 2013, el licenciado presentó una Moción Informativa en donde volvió a referirse a sus problemas de salud y su situación económica precaria. Solicitó la reconsideración de la sanción impuesta. Esbozó que no era su intención responder negligentemente ni hacer caso omiso a los requerimientos de esta Curia. En atención a su comparecencia, le concedimos, el 24 de junio de 2013, un término de veinte (20) días para finalizar las correcciones a su obra notarial.

El 8 de octubre de 2013, el Director de ODIN compareció mediante Moción Informativa Urgente. Nos informó que el licenciado Da Silva Arocho se reunió con la Inspectora de Protocolos el 24 de junio de 2013 y se comprometió a atender los señalamientos sobre su obra notarial. No obstante, el letrado no compareció ni se excusó de la reunión de seguimiento que habían coordinado para el 7 de agosto de 2013. Tras lograr comunicarse nuevamente con el licenciado Da Silva Arocho, la reunión se reprogramó para el 12 de agosto de 2013. Llegada la fecha, el licenciado se excusó por teléfono por haber sufrido un percance, pero se comprometió a llevar, a la próxima reunión, parte de los aranceles adeudados. Sin embargo, a la fecha de la comparecencia de ODIN, este no había coordinado la reunión de seguimiento ni pagado los aranceles adeudados.

Por otra parte, el actual Director de ODIN, Lcdo. Manuel E. Ávila De Jesús, también nos informó que, tras una evaluación del expediente del abogado, se percataron de que el letrado adeudaba los Informes Estadísticos Anuales de Actividad Notarial para los años naturales 2006, 2007, 2009, 2011 y 2012 y el Índice de Actividad Notarial Mensual de agosto de 2006, así como todos los índices que cubren el periodo de mayo de 2011 hasta el presente.

En vista de lo anterior, el Director de ODIN nos solicitó: (1) ordenar la incautación de la obra protocolar que haya autorizado el licenciado Da Silva Arocho desde el 1 de agosto de 2012 hasta el presente; (2) ordenar la subsanación de la obra protocolar que se encuentra en el Archivo Notarial de Ponce, incluyendo la reconstrucción de los cuatro (4) tomos de Registro de Testimonios notificados como hurtados; y (3) ordenar la presentación de los Informes Estadísticos Anuales de Actividad Notarial y de Actividad Notarial Mensual adeudados. El licenciado Da Silva Arocho no ha comparecido a expresarse sobre este último Informe rendido por ODIN ni ha acreditado la subsanación de las deficiencias en su obra notarial.

## II.

Reiteradamente hemos sostenido que los notarios tienen el deber, una vez se le señalan faltas en su obra notarial, de subsanarlas y concertar una próxima reunión con ODIN para la reinspección de los protocolos. In re Román Jiménez, 161 D.P.R. 727, 733 (2004). De igual manera, hemos expresado que "ningún notario puede asumir una actitud pasiva y descansar

en que la ODIN lo contact[e] para verificar si se corrigen adecuadamente los señalamientos que se efectúen, máxime cuando la imagen de la profesión y la suya propia está en tela de juicio". Íd.

De igual forma, de acuerdo al Art. 12 de la Ley Notarial de Puerto Rico, 4 L.P.R.A. sec. 2023, y la Regla 12 de su Reglamento, 4 L.P.R.A. Ap. XXIV, los notarios tienen el deber de rendir índices mensuales sobre sus actividades notariales no más tarde del décimo día calendario del mes siguiente al informado, aun cuando no hayan tenido actividad notarial durante ese mes. Hemos enfatizado que el incumplimiento con esta obligación es una falta grave a los deberes que la investidura de la fe pública notarial impone al notario, por lo que tal conducta es merecedora de severas sanciones disciplinarias. In re Miranda Casasnovas, 175 D.P.R. 774, 777 (2009). Lo anterior es de igual aplicación a la responsabilidad de todo notario de radicar el informe estadístico de la actividad notarial autorizada por este durante un año natural, el cual debe radicarse en o antes del último día del mes de febrero del año siguiente. Véanse, Art. 13-A de la Ley Notarial de Puerto Rico, 4 L.P.R.A. sec. 2031-A y la Regla 13 de su Reglamento, 4 L.P.R.A. Ap. XXIV.

Por otra parte, los abogados tienen la obligación ineludible de responder con diligencia a los requerimientos de este Tribunal y de ODIN. In re Arroyo Rivera, 182 D.P.R. 732, 735-736 (2011). Véanse además, In re Martínez Romero, 2013 T.S.P.R. 66, 188 D.P.R. __ (2013); In re Buono Colón, 187 D.P.R. 379, 382-383 (2012). El Canon 9 del Código de

Ética Profesional, 4 L.P.R.A. Ap. IX C.9, exige de todos los abogados el mayor de los respetos hacia los tribunales. Por esto, todo letrado debe responder con diligencia a los requerimientos y órdenes emitidas por este Tribunal. In re Martínez Class, 2012 T.S.P.R. 92, 184 D.P.R. ___ (2012).

Sin embargo, una y otra vez nos vemos obligados a suspender abogados que muestran indiferencia y menosprecio a nuestras órdenes. In re Buono Colón, *supra*, pág. 383. Esto, a pesar que es norma reiterada que ante el incumplimiento con el deber de responder nuestros requerimientos y la ignorancia a los apercibimientos de sanciones disciplinarias, procede la suspensión inmediata del ejercicio de la profesión. In re Lugo Cruz, 2013 T.S.P.R. 38, 188 D.P.R. ___ (2013).

III.

El licenciado Da Silva Arocho ha demostrado suma dejadez en atender los señalamientos de ODIN en torno a las deficiencias de su obra notarial y las órdenes emitidas por este Tribunal para atender esta situación. Aparte de esto, su conducta se agrava ante el incumplimiento con la obligación de presentar ante ODIN los Informes Estadísticos Anuales de Actividad Notarial por cinco (5) años y cerca de treinta (30) Informes de Actividad Notarial Mensual.

En vista de lo anterior, se suspende inmediata e indefinidamente al Lcdo. Wilfredo E. Da Silva Arocho del ejercicio de la abogacía y la notaría. Se ordena la incautación de su obra notarial reciente, así como de su sello notarial. Estos últimos deberán ser entregados al Director de ODIN para la correspondiente investigación e

informe suplementario. El letrado deberá, a su propio peculio, subsanar su obra protocolar, incluyendo la reconstrucción de los cuatro (4) tomos de Registro de Testimonios hurtados. También deberá rendir, dentro de un término de 30 días, los Informes Estadísticos Anuales de Actividad Notarial y de Actividad Notarial Mensual adeudados.

Ante la decisión tomada por esta Curia, se paralizan los procedimientos disciplinarios sobre la Queja Núm. AB-2011-321 y la Querella Núm. CP-2013-23. Las mismas se reactivarán si el señor Da Silva Arocho solicita su reinstalación al ejercicio de la abogacía.

Por último, el licenciado Da Silva Arocho deberá notificar a sus clientes que por motivo de la suspensión no puede continuar con su representación legal, y devolverá a estos los expedientes de cualquier caso pendiente y los honorarios recibidos por trabajos no realizados. De igual forma, informará su suspensión a cualquier sala del Tribunal General de Justicia o foro administrativo en el que tenga algún caso pendiente. Deberá certificar haber hecho estas gestiones a este Tribunal dentro del término de treinta (30) días a partir de la notificación de esta Opinión y Sentencia.

Se dictará sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Wilfredo E. Da Silva Arocho          TS-12,888

SENTENCIA

San Juan, Puerto Rico, a 3 de diciembre de 2013.

Por los fundamentos expuestos en la Opinión Per Curiam que antecede, la cual se hace formar parte de la presente Sentencia, se suspende inmediata e indefinidamente al Lcdo. Wilfredo E. Da Silva Arocho del ejercicio de la abogacía y la notaría. Se ordena la incautación de su obra notarial reciente, así como de su sello notarial. Estos últimos deberán ser entregados al Director de ODIN para la correspondiente investigación e informe suplementario. El letrado deberá, a su propio peculio, subsanar su obra protocolar, incluyendo la reconstrucción de los cuatro (4) tomos de Registro de Testimonios hurtados. También deberá rendir, dentro de un término de 30 días, los Informes Estadísticos Anuales de Actividad Notarial y de Actividad Notarial Mensual adeudados.

Ante la decisión tomada por esta Curia, se paralizan los procedimientos disciplinarios sobre la Queja Núm. AB-2011-321 y la Querella Núm. CP-2013-23. Las mismas se reactivarán si el señor Da Silva Arocho solicita su reinstalación al ejercicio de la abogacía.

Por último, el licenciado Da Silva Arocho deberá notificar a sus clientes que por motivo de la suspensión no puede continuar con su representación legal, y devolverá a estos los expedientes de cualquier caso pendiente y los honorarios recibidos

por trabajos no realizados. De igual forma, informará su suspensión a cualquier sala del Tribunal General de Justicia o foro administrativo en el que tenga algún caso pendiente. Deberá certificar haber hecho estas gestiones a este Tribunal dentro del término de treinta (30) días a partir de la notificación de esta Opinión y Sentencia.

Lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Interina. La Juez Asociada señora Rodríguez Rodríguez no interviene.


Camelia Montilla Alvarado
Secretaria del Tribunal Supremo Interina