EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: | Certiorari |
| | 2015 TSPR 7 |
| Jorge A. Vera Vélez | 192 DPR ____ |

Número del Caso: CP-2012-17
                 Cons.
                 AB-2013-351
                 AB-2006-301


Fecha: 14 de enero de 2015


Abogado de la Parte Querellada:

        Lcdo. Peter Ortiz Gustafson


Oficina de la Procuradora General:

        Lcda. Tatiana Grajales Torruellas
        Subprocuradora General

        Lcda. Yaizamarie Lugo Fontanez
        Procuradora General Auxiliar


Materia: Conducta Profesional - La suspensión será efectiva el 3 de febrero de 2015, fecha en que se le notificó al abogado de su suspensión inmediata.


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Jorge A. Vera Vélez          CP-2012-17
                               Cons.
                           AB-2013-351
                           AB-2006-301

PER CURIAM

San Juan, Puerto Rico, a 14 de enero de 2015.

Hoy este Tribunal tiene la encomienda de ejercer una vez más su rol inherente de regular la profesión legal. A tal fin, estamos obligados a suspender inmediata e indefinidamente de la abogacía a un miembro de la profesión. Esta acción disciplinaria encuentra su génesis en la reiterada inobservancia de los preceptos éticos que rigen la profesión jurídica y en el incumplimiento de responder oportunamente a las órdenes y requerimientos emitidos por esta Curia. Con ello, hacemos hincapié en que no toleraremos cursos de acción que atenten contra la integridad de nuestra ilustre profesión y trastoquen la confianza del

Pueblo con relación a la calidad de los servicios legales que recibe.

A continuación, reseñamos los antecedentes fácticos y procesales que originan el aludido dictamen.

**I**

El caso de epígrafe se remonta al 2006 cuando la Sra. Victoria Bonilla De Jesús (señora Bonilla De Jesús o querellante) presentó una queja contra el Lcdo. Jorge A. Vera Vélez (licenciado Vera Vélez o querellado).[1] En esencia, la señora Bonilla De Jesús adujo que habían transcurrido más de 15 años desde que su hermano contrató los servicios del licenciado Vera Vélez para la otorgación de una *Escritura de segregación, liquidación parcial de herencia, servidumbre y compraventa* de la finca de su fenecido padre. A esos fines, el 4 de mayo de 1995, el referido letrado otorgó la Escritura Núm. 19 y, en igual fecha, la Escritura Núm. 20 sobre *Cesión en uso público* de un predio a favor del Departamento de Transportación y Obras Públicas del Gobierno de Puerto

---

[1]El licenciado Vera Vélez fue admitido al ejercicio de la abogacía el 3 de noviembre de 1960 y a la práctica de la notaría el 23 de noviembre del mismo año. Es menester señalar que el 14 de octubre de 2003, el aludido licenciado fue suspendido indefinidamente del ejercicio de la notaría mediante Opinión *Per Curiam*, *In re* Vera Vélez, 160 DPR 479 (2003). Con anterioridad, lo suspendimos de la práctica de la notaría por el término de un año mediante Opinión *Per Curiam*, *In re* Vera Vélez, 148 DPR 1 (1999). Asimismo, en virtud de la Opinión *Per Curiam*, *In re* Vera Vélez, 136 DPR 284 (1994), lo censuramos y apercibimos por no actuar conforme a los preceptos de la Ley Notarial de Puerto Rico, 4 LPRA sec. 2001 *et seq.*

Rico y de otro predio a favor del municipio de Arecibo.[2] Luego de varios trámites, el 11 de junio de 2001, ambos documentos notariales, en conjunto con otros, fueron presentados ante el Registro de la Propiedad (Registro).

La señora Bonilla De Jesús alegó que posteriormente visitó en varias ocasiones la oficina del licenciado Vera Vélez para conocer el estatus de las escrituras otorgadas y éste le informó que se encontraban presentadas ante el Registro. Ante ello, la querellante acudió al Registro en donde le manifestaron que las escrituras no podían ser inscritas, toda vez que adolecían de defectos que necesitaban ser subsanados.[3] También se le informó a la querellante que las faltas habían sido notificadas al licenciado Vera Vélez y que éste nunca recogió las escrituras. Interpelado por la señora Bonilla De Jesús en relación al particular, el letrado le entregó el documento necesario para que ésta retirara las escrituras del Registro. Así las cosas, el 30 de diciembre de 2002,

---

[2] Esta cesión fue aceptada por los organismos concernidos mediante la Escritura Núm. 33 de 14 de abril de 1999.

[3] Las faltas fueron notificadas por el Registro de la Propiedad el 10 de octubre de 2002. Entre las deficiencias señaladas se encuentran las siguientes: (1) falta de certificaciones pertinentes al negocio jurídico; (2) falta de pago de aranceles; (3) necesidad de otorgar actas de subsanación y de edificación; (4) falta de claridad en términos de las proporciones privativas o gananciales de la propiedad; (5) falta de explicación con relación a la comparecencia de alguno de los otorgantes; (6) falta la comparecencia de personas indispensables al negocio jurídico; entre otras.

la querellante procedió a retirar los documentos del Registro y se los entregó al licenciado Vera Vélez para su subsanación. La señora Bonilla De Jesús sostuvo que hasta la fecha de la presentación de la queja el licenciado Vera Vélez no había logrado la inscripción de las aludidas escrituras.

El 19 de enero de 2007, el licenciado Vera Vélez presentó su contestación a la queja. En lo pertinente, manifestó que otorgó los documentos notariales reseñados, conjuntamente con otros, y protocolizó varios poderes concernientes a la situación en cuestión. Arguyó que debido a la naturaleza de las faltas señaladas por el Registro y al fallecimiento de algunos herederos, resultaba necesario realizar gestiones adicionales para lograr la inscripción de la mencionada Escritura Núm. 19. A tales efectos, expresó que a consecuencia de su suspensión indefinida de la notaría en el 2003 había realizado varios trámites por sí y a través de otros notarios. Particularmente, el licenciado Vera Vélez indicó que ante los señalamientos y requerimientos del Registro, el 24 de noviembre de 2006, el notario Rafael Avilés Cordero otorgó un *Acta de Edificación*. Además, manifestó que el 5 de enero de 2007, el notario Gilberto Salas David otorgó un *Acta de Subsanación*, con el objetivo de aclarar y subsanar los defectos de la Escritura Núm. 19. Explicó que entendía que con las

mencionadas gestiones los documentos notariales otorgados tendrían acceso al Registro.[4]

El 6 de abril de 2007, la queja contra el licenciado Vera Vélez fue referida a la Oficina de Inspección de Notarías (ODIN). En el *Informe* presentado el 29 de junio de 2009, ODIN concluyó que el letrado era responsable de subsanar las faltas que impedían la inscripción de las escrituras. No obstante, habida cuenta de que el querellado había afirmado que atendió los señalamientos del Registro y que las escrituras se encontraban pendientes de calificación, ODIN recomendó que el licenciado Vera Vélez mantuviese informado a este Tribunal en lo concerniente al estatus de las escrituras en el Registro.

Examinada la comparecencia de ODIN, el 23 de octubre de 2009, emitimos una Resolución en la cual le ordenamos al licenciado Vera Vélez mantener informada a ODIN de sus gestiones en el Registro, hasta que se lograse la

---

[4]El 22 y 25 de enero de 2007, todas las escrituras otorgadas y documentos complementarios fueron presentados en el Registro de la Propiedad. El 18 de febrero de 2010, el Registro de la Propiedad nuevamente notificó deficiencias en los documentos notariales presentados. Entre las deficiencias señaladas se encuentran las siguientes: (1) falta de certificaciones pertinentes al negocio jurídico; (2) falta de pago de aranceles; (3) necesidad de otorgar actas de subsanación y de edificación; (4) falta de claridad en términos de las proporciones privativas o gananciales de la propiedad; (5) falta de explicación en relación a la comparecencia de alguno de los otorgantes; (6) falta de presentación de documentos complementarios pertinentes (declaratoria de herederos y testamentos); (7) falta de requisitos en los documentos presentados (firmas); entre otras.

inscripción de las escrituras en cuestión. Posteriormente, el 14 de septiembre de 2010, la querellante suscribió una comunicación a ODIN en la cual expresó que el querellado no la había mantenido informada ni había hecho gestiones en relación con las escrituras. Asimismo, manifestó que el licenciado Vera Vélez no estaba disponible para atender este asunto.

A raíz de ello, el 7 de marzo de 2011, ODIN presentó un *Informe Suplementario* en el cual señaló que había transcurrido más de un año sin que el querellado le informara el resultado o desarrollo de sus gestiones, según ordenado por este Tribunal. A su vez, ODIN informó que el 7 de diciembre de 2010 dirigió una comunicación al letrado con el fin de que presentara evidencia de sus gestiones y su resultado. Por motivo de este requerimiento, el 20 de enero de 2011, el licenciado Vera Vélez indicó que el 18 de febrero de 2010 el Registro nuevamente notificó deficiencias en las escrituras en cuestión. Ante ello, ODIN señaló que aun cuando las deficiencias se notificaron el 18 de febrero de 2010, no fue hasta el 20 de enero de 2011, que el querellado ofreció la información en relación con las gestiones realizadas. Por tanto, sostuvo que el licenciado Vera Vélez incumplió con la Resolución emitida por este Tribunal el 23 de octubre de 2009. Finalmente, ODIN concluyó que el letrado merecía la imposición de sanciones disciplinarias por violaciones a los Cánones 9,

12, 18, 35 y 38 del Código de Ética Profesional, *infra*, por lo cual recomendó que se remitiese el asunto a la Oficina del Procurador General.

En atención a lo anterior, el 1 de abril de 2011, emitimos una Resolución mediante la cual referimos el asunto a la Oficina del Procurador General. Así las cosas, el 31 de enero de 2012, la Oficina del Procurador General presentó un escrito intitulado *Informe del Procurador General* en el cual señaló que el licenciado Vera Vélez incurrió en violaciones a los Cánones 9, 18 y 38 del Código de Ética Profesional, *infra*. Visto el aludido informe, mediante Resolución dictada el 25 de mayo de 2012, le ordenamos a la Oficina del Procurador General presentar la respectiva querella contra el licenciado Vera Vélez.

En cumplimiento con el mandato de este Tribunal, el 31 de julio de 2012, la Oficina del Procurador General presentó la correspondiente *Querella*. En ésta, se le imputó al licenciado Vera Vélez la infracción de los Cánones 9, 18 y 38 del Código de Ética Profesional, *infra*. La Oficina del Procurador General sostuvo que el letrado quebrantó los preceptos del Canon 9 al incumplir con la Resolución emitida por este Tribunal el 23 de octubre de 2009, en la cual se le ordenó mantener informada a ODIN en relación a las gestiones para lograr la inscripción de las escrituras en cuestión. Asimismo, la Oficina del Procurador General señaló que lo dispuesto

en el Canon 18 fue transgredido, toda vez que el licenciado Vera Vélez demoró más de 4 años en realizar una gestión afirmativa para corregir las deficiencias que le fueron notificadas en el 2002. De acuerdo a la Oficina del Procurador General, el querellado no desplegó su más profundo saber y habilidad en aquella forma que la profesión jurídica estima adecuada, pues las gestiones que se realizaron para corregir las deficiencias notificadas por el Registro resultaron infructuosas. Del mismo modo, la Oficina del Procurador General concluyó que el licenciado Vera Vélez contravino el Canon 18 al no defender diligentemente los intereses de su cliente, ya que no inició la subsanación de los errores señalados mediante el trámite judicial pertinente.

La Oficina del Procurador General también señaló que el letrado infringió los preceptos del Canon 38. Esto, al no cumplir con su obligación de otorgar una escritura inscribible y permitir que transcurrieran más de 15 años desde su otorgamiento sin lograr su inscripción y sin efectuar gestiones afirmativas y válidas para lograrlo.

Transcurridos varios trámites procesales, el licenciado Vera Vélez contestó la querella incoada en su contra. En lo pertinente, expresó que no otorgó una escritura inscribible y que las gestiones para lograr su inscripción no resultaron válidas. Luego de admitir los hechos básicos que dieron lugar a la querella, el letrado adujo que ha practicado la profesión de la abogacía por

52 años con observancia a los postulados éticos y que en el caso de autos no hubo ánimo de lucro indebido. En consecuencia, solicitó que se declarara sin lugar la querella incoada. En la alternativa, suplicó que se consideraran los atenuantes y su "situación particular", sin expresar a qué específicamente se refería.

Examinada tanto la *Querella* como la contestación a ésta, el 5 de agosto de 2013, dictamos una Resolución mediante la cual nombramos a la Hon. Mercedes Marrero de Bauermeister para que, en calidad de Comisionada Especial (Comisionada), recibiera prueba y rindiera un informe con las determinaciones de hechos y recomendaciones pertinentes. En el descargo de su responsabilidad, la Comisionada citó a las partes para una Vista Inicial. Celebrada la mencionada vista, se le concedió a la parte querellada un término de 30 días para que informara hechos y gestiones a ser consideradas como atenuantes. Por su parte, a la Oficina del Procurador General se le concedió un término de 10 días para expresarse en relación a las gestiones que el querellado señalara en su informe.

A tono con lo ordenado por la Comisionada, el licenciado Vera Vélez presentó un escrito intitulado *Informe jurado de gestiones del querellado para acción judicial a radicar* y otro intitulado *Escrito para unir informe jurado del querellado y prueba sobre reputación y otros extremos*. En lo pertinente, el querellado desglosó

los trámites que ha realizado para subsanar las fallas y deficiencias de los documentos notariales objeto de la querella en cuestión. Asimismo, unió los testimonios de 3 ciudadanos quienes afirman la buena reputación del querellado.

Recibidos los escritos de la parte querellada, la Oficina del Procurador General presentó un documento intitulado *Escrito para someter el caso ante la consideración de la Comisionada Especial*. Esencialmente, la Oficina del Procurador General se reiteró en que los cargos imputados al querellado fueron cometidos. Además, solicitó que se tomara conocimiento judicial del expediente personal del abogado que obra en este Tribunal, a fines de examinar su historial disciplinario.

El 13 de noviembre de 2013, se celebró la Conferencia con antelación al juicio ante la Comisionada. Durante ésta, el licenciado Vera Vélez informó su interés de acogerse a una baja voluntaria. A raíz de ello, el 22 de noviembre de 2013, la Oficina del Procurador General presentó un *Escrito en cumplimiento de orden*. Mediante éste, reiteró que el letrado incurrió en la violación de los cánones imputados en la querella. Empero, en consideración de la edad del querellado, su salud física, emocional y familiar, conjuntamente con la aceptación de los hechos que dieron lugar a los cargos imputados, la Oficina del Procurador General expresó que no tenía

reparo en que se le concediera al licenciado Vera Vélez la baja voluntaria del ejercicio de la abogacía.

Sometido el caso, el 3 de abril de 2014, la Comisionada presentó el *Informe de la Comisionada Especial*.[5] Luego de examinar las circunstancias particulares del caso, ésta concluyó que el querellado infringió el Canon 18 del Código de Ética Profesional. Ello, toda vez que el desempeño del letrado para atender las deficiencias señaladas en los documentos notariales fue tardío e ineficaz. La Comisionada también encontró que el licenciado Vera Vélez quebrantó el Canon 9, ya que no le informó a ODIN el estatus de las escrituras presentadas en el Registro ni la notificación de las deficiencias, conforme lo había ordenado este Tribunal el 23 de octubre de 2009. Finalmente, concluyó que el letrado transgredió el Canon 38 al no otorgar una escritura inscribible y realizar gestiones ineficaces a tales fines. A pesar de todas estas imputaciones éticas, en consideración a la solicitud presentada por el querellado, la Comisionada nos recomendó aceptar la petición de baja voluntaria. Sin embargo, sugirió que expresáramos que la aceptación de la renuncia voluntaria constituiría una separación permanente e irrevocable de la profesión de la abogacía.

---

[5]Adviértase que a la fecha en que se emite este pronunciamiento los documentos notariales en cuestión aún no han sido inscritos en el Registro de la Propiedad.

En respuesta al informe de la Comisionada, el querellado presentó un escrito intitulado *Comentarios a informe de Comisionada Especial*. En éste, expresó su conformidad con que se aceptara su petición de baja voluntaria, sin ulterior dictamen disciplinario. Informó, además, que el 13 de noviembre de 2013 se instó una acción judicial para lograr la inscripción de los documentos notariales otorgados.

En este punto es pertinente indicar que al examinar el expediente personal del licenciado Vera Vélez encontramos que éste tiene 3 quejas pendientes ante este Tribunal, a saber: AB-2014-50, AB-2013-351 y AB-2006-301.[6] En lo concerniente a la primera de estas quejas, la Secretaría de este Tribunal le ha cursado en 2 ocasiones una comunicación al querellado concediéndole un término de 10 días para que comparezca con sus comentarios y reacciones por escrito en torno a lo imputado.

---

[6]En cuanto a la queja AB-2006-301, es preciso señalar que el 21 de agosto de 2013 la Oficina del Procurador General presentó un *Escrito en cumplimiento de orden* mediante el cual recomendó el archivo de la queja. Ello, toda vez que concluyó que el licenciado Vera Vélez logró subsanar cualquier incumplimiento con relación a su deber de diligencia. Examinado el escrito presentado por la Oficina del Procurador General, el 12 de septiembre de 2013, dictamos una Resolución en la cual le concedimos 20 días a la parte querellante para expresarse en torno a éste. A su vez, le advertimos a la querellante que de no comparecer en el término provisto entenderíamos que se allanaba a las recomendaciones emitidas por la Oficina del Procurador General. Al día de hoy, la querellante no ha cumplido con nuestra orden, por lo que no se ha expresado en relación a lo solicitado por la Oficina del Procurador General.

Transcurridos los términos concedidos, el licenciado Vera Vélez aún no ha comparecido.

Con respecto a la queja AB-2013-351, el 8 de mayo de 2014, dictamos una Resolución en la cual le concedimos al querellado un término final de 5 días para que contestara la queja presentada en su contra. Le apercibimos que el incumplimiento con lo ordenado podía conllevar sanciones disciplinarias severas, incluyendo la suspensión del ejercicio de la abogacía. A la fecha en que se emite este pronunciamiento, el licenciado Vera Vélez no ha cumplido con nuestra orden.

## II

En armonía con nuestro poder inherente de regular la profesión, esta Curia tiene el deber de procurar el buen funcionamiento del Poder Judicial y, por tanto, asegurar que los miembros admitidos a la práctica de la abogacía ejerzan sus funciones responsable, competente y diligentemente. *In re* Del Castillo Del Valle, res. el 1 de octubre de 2014, 2014 TSPR 126, 191 DPR ___ (2014); *In re* Rodríguez Amaro, res. el 8 agosto de 2013, 2013 TSPR 97, 189 DPR ___ (2013); *In re* López Morales, 184 DPR 334, 347 (2012); *In re* Gutiérrez Santiago, 179 DPR 739, 743 (2010). A tono con ello, el Código de Ética Profesional, 4 LPRA Ap. IX, establece las normas mínimas de conducta que deben guiar a los miembros de la profesión en el desempeño de su delicada e importante función. *In re* Guemárez Santiago, res. el 18 de septiembre de 2014, 2014

TSPR 112, 191 DPR ___ (2014); *In re* Ortiz Delgado, res. el 22 de noviembre de 2013, 2013 TSPR 135, 189 DPR ___ (2013); *In re* Falcón López, res. el 25 de octubre de 2013, 2013 TSPR 123, 189 DPR ___ (2013). Los cánones que recoge el referido Código buscan propiciar que los letrados ejerzan su quehacer a tenor con los más ilustrados principios éticos y morales, para beneficio de la profesión jurídica, la ciudadanía y nuestras instituciones de justicia. *In re* Guemárez Santiago, *supra; In re* Ortiz Delgado, *supra*; *In re* Falcón López, *supra*.

En lo que atañe al asunto ante nuestra consideración, en repetidas ocasiones hemos hecho hincapié en que los abogados tienen el deber y la obligación de responder diligentemente a los requerimientos y órdenes emitidas por esta Curia. *In re* Pérez Román, res. el 20 de junio de 2014, 2014 TSPR 98, 191 DPR ___ (2014); *In re* Sosa Suárez, res. el 10 de julio de 2014, 2014 TSPR 90, 191 DPR ___ (2014); *In re* Medina Perea, res. el 10 de febrero de 2014, 2014 TSPR 24, 190 DPR ___ (2014). *In re* Irizarry Colón, 2013 TSPR 145, 189 DPR ___ (2013). Indudablemente, un abogado que hace caso omiso a las órdenes dictadas por este Tribunal y al apercibimiento de sanciones disciplinarias quebranta el precepto ético dispuesto en el Canon 9 del Código de Ética Profesional, el cual dispone que: "[e]l abogado debe observar para con los tribunales una conducta que se

caracterice por el mayor respeto". 4 LPRA Ap. IX, C. 9. *Véanse*, *In re* Pérez Román, *supra*; *In re* Sosa Suárez, *supra*; *In re* Medina Perea, *supra*; *In re* Da Silva Arocho, 2013 TSPR 142, 189 DPR ___ (2013). Como corolario, procede la suspensión inmediata de aquellos miembros de la profesión que incumplan con nuestros requerimientos e ignoren los apercibimientos de sanciones disciplinarias. *In re* Pérez Román, *supra*; *In re* Sosa Suárez, *supra*; *In re* Medina Perea, *supra*; *In re* Da Silva Arocho, *supra*. Ello, pues, esta actitud de indiferencia y menosprecio a la autoridad del Tribunal no puede ser tomada livianamente, ya que constituye un curso de acción inaceptable que acarrea la suspensión inmediata de la práctica jurídica. *In re* Medina Perea, *supra*; *In re* Da Silva Arocho, *supra*; *In re* López González, 2013 TSPR 105, 189 DPR ___ (2013); *In re* Piñeiro Vega, 188 DPR 77 (2013).

Por su parte, el Canon 18 del Código de Ética Profesional, 4 LPRA Ap. IX, C. 18, le impone a todo abogado el deber de defender los intereses del cliente de forma capaz y diligente, "desplegando en cada caso su más profundo saber y habilidad y actuando en aquella forma que la profesión jurídica en general estima adecuada y responsable". Íd.; *véanse*, además, *In re* Guemárez Santiago, *supra*; *In re* Pietri Torres, res. 6 de agosto de 2014, 2014 TSPR 99, 191 DPR ___ (2014); *In re* Reyes Coreano, res. el 2 de abril de 2014, 2014 TPSR 51, 190 DPR ___ (2014). Asimismo, el aludido precepto ético

dispone diáfanamente que es impropio de un abogado asumir la representación legal de un cliente cuando está consciente de que no puede realizar una labor competente y que no puede prepararse de forma adecuada sin que ello conlleve gastos o demoras irrazonables a su cliente. 4 LPRA Ap. IX, C. 18. Esto significa que el deber de diligencia constituye una obligación básica y elemental del abogado hacia su cliente. *In re* Pietri Torres, *supra*; *In re* Dávila Toro, 179 DPR 833, 842 (2010). En ese contexto, un letrado infringe su deber de diligencia cuando no realiza las gestiones que le fueron encomendadas en el tiempo oportuno, de la forma adecuada y sin dilaciones. *In re* Pietri Torres, *supra*; *In re* Reyes Coreano, *supra*. Por tanto, reiteradamente hemos indicado que el deber de diligencia que emana del Canon 18 es del todo incompatible con la desidia, despreocupación y displicencia en el trámite de un caso. *Véanse*, *In re* Guemárez Santiago, *supra*; *In re* Pietri Torres, *supra*; *In re* Reyes Coreano, *supra*.

Finalmente, del Canon 38, 4 LPRA Ap. IX, C. 38, se desprende que los miembros admitidos a la práctica de la abogacía vienen llamados a esforzarse, al máximo de su capacidad, en exaltar el honor y la dignidad de su profesión. Del mismo modo, deben conducirse de forma digna y honorable y evitar hasta la apariencia de conducta profesional impropia. Íd. A tono con ello, esta Curia ha sido enfática en expresar que por ser los

abogados el espejo donde se refleja la imagen de la profesión, éstos deben actuar con el más escrupuloso sentido de responsabilidad que impone la función social que ejercitan. *In re* Guemárez Santiago, *supra*; *In re* Ayala Vega*, res. el 10 de octubre de 2013, 2013 TSPR 117, 189 DPR ___ (2013); *In re* Santiago Ríos*, 172 DPR 802, 822 (2007); *In re* Quiñones Ayala*, 165 DPR 138, 145 (2005).

Por otro lado y en lo pertinente al asunto que nos ocupa, conviene recordar que en ocasiones anteriores hemos examinado la naturaleza de la función encomendada a un Comisionado Especial, designado por este Tribunal para atender los méritos de una querella entablada contra un abogado. A esos efectos, hemos establecido que en nuestra jurisdicción rige la norma que las determinaciones de hecho emitidas por un Comisionado Especial merecen nuestra deferencia, salvo que medie pasión, prejuicio, parcialidad o error manifiesto en su apreciación de la prueba. *In re* Guemárez Santiago, *supra*; *In re* De León Rodríguez*, res. el 25 de febrero de 2014, 2014 TSPR 29, 190 DPR ___ (2014); *In re* Ayala Vega, *supra*; *In re* García Ortiz*, 187 DPR 507, 521 (2012). Además, hemos dejado meridianamente claro que en forma alguna esta Curia viene obligada a sostener el informe presentado por un Comisionado Especial. *In re* De León Rodríguez, *supra*; *In re* García Ortiz, *supra*; *In re* Peña Peña, 153 DPR 642, 657 (2001); *In re* Torres Delgado, 150 DPR 849, 857 (2000); *In re* Soto López, 135 DPR 642, 646 (1994). Al contrario,

evidentemente este Tribunal tiene facultad para adoptar, modificar o, incluso, rechazar tal informe. *In re* Peña Peña, *supra*; *In re* Torres Delgado, *supra*; *In re* Soto López, *supra*.

Expuesta la normativa aplicable, pasamos a exponer nuestro discernimiento en torno al asunto de marras.

## III

Conforme indicamos, al Lcdo. Jorge A. Vera Vélez se le imputa quebrantar los Cánones 9, 18 y 38 del Código de Ética Profesional que rige nuestra profesión. Convenimos con tal apreciación. Veamos.

Un examen del expediente del aludido letrado nos lleva a coincidir con la Comisionada en cuanto a que éste infringió lo dispuesto en el Canon 9. A tenor con lo expuesto, el licenciado Vera Vélez hizo caso omiso a los requerimientos emitidos por esta Curia tanto en la Resolución del 23 de octubre de 2009 como en la dictada el 8 de mayo de 2014 en relación a la queja AB-2013-351.[7] Aun cuando lo apercibimos de que podrían imponérsele sanciones disciplinarias severas, incluyendo la suspensión del ejercicio de la profesión, el querellado ignoró nuestros requerimientos. Con esta actitud de indiferencia y desatención, pretende echar a un lado

---

[7]En el ejercicio de nuestra facultad disciplinaria, y habida cuenta de que medió un apercibimiento previo, consolidamos la Queja Núm. AB-2013-351 que obra en el expediente personal del licenciado Vera Vélez con el caso de epígrafe.

nuestros reiterados pronunciamientos en lo que concierne al deber y obligación ineludible de todo abogado de responder diligentemente a las órdenes emitidas por este Tribunal. Ello, por sí solo, acarrea la suspensión inmediata del ejercicio de la abogacía.

Por su parte, compartimos el criterio de la Comisionada en el sentido de que el querellado quebrantó los preceptos del citado Canon 18. La prueba demostró que el licenciado Vera Vélez no se desempeñó de forma competente, capaz y diligente al demorar aproximadamente 4 años en realizar una gestión afirmativa con el fin de corregir las faltas que el Registro le notificó en el 2002. De los hechos se desprende que no tan sólo los trámites para corregir las deficiencias notificadas fueron inoportunos, sino que las gestiones llevadas a cabo resultaron infructuosas, insuficientes e ineficaces. Al examinar las deficiencias señaladas por el Registro, se puede colegir que éstas reflejan desconocimiento de la normativa jurídica aplicable. Sin duda, lo anterior ha aparejado gastos y demoras irrazonables a su cliente, en evidente contravención a lo dispuesto en el Canon 18. Adviértase, además, que el hecho de que un abogado se encuentre suspendido del ejercicio de la notaría no constituye un subterfugio para que éste no ejerza la debida diligencia en lo concerniente a las faltas imputadas en su gestión notarial. Reiteramos, con ello, que la responsabilidad de un abogado de cumplir con las

normas éticas que rigen la profesión es personal e indelegable. *Véanse*, *In re* Leon Malavé, 172 DPR 1036, 1042 (2008); *In re* Moreno Cortés, 159 DPR 542, 549 (2003). Por tanto, todo letrado viene llamado a cumplir celosamente con este deber ineludible.

Finalmente, y al igual que lo sostiene la Comisionada, consideramos que el licenciado Vera Vélez transgredió conjuntamente el Canon 38. Conforme señalamos, han transcurrido aproximadamente 15 años desde que se otorgaron las escrituras en cuestión y aún éstas no han podido ser inscritas en el Registro. Nótese que en todos estos años tampoco se realizaron gestiones fructíferas y eficaces para lograr la inscripción. Indudablemente, con este proceder el licenciado Vera Vélez en nada exalta ni preserva el honor y la dignidad de la profesión jurídica, conforme lo requiere el mencionado canon ético.

No albergamos duda que el licenciado Vera Vélez contravino los referidos cánones de ética. De un examen del expediente ante este Tribunal se desprende de forma diáfana que las determinaciones de hecho de la Comisionada se sostienen de la evidencia que tuvo ante su consideración. Al respecto, no se demostró que hubo pasión, prejuicio, parcialidad o error manifiesto en las determinaciones realizadas por la Comisionada. En consecuencia, no existe razón para intervenir, ni mucho menos alterar, las determinaciones emitidas por ésta. En

armonía con nuestros pronunciamientos, sus conclusiones merecen deferencia, particularmente cuando no se ha demostrado pasión, prejuicio, parcialidad o error manifiesto.

No obstante, ante el cuadro descrito y en virtud de nuestra facultad, nos vemos obligados a rechazar la recomendación de la Comisionada en lo concerniente a la petición de renuncia voluntaria incoada por el querellado. Conceder tal solicitud, a la luz de las circunstancias particulares de este caso, en conjunto con el historial previo del abogado, tendría el peligroso efecto de soslayar un dictamen ético cuando la prueba demostró una clara y reiterada inobservancia con los preceptos éticos que rigen la profesión jurídica. A todas luces, no podemos avalar tal curso de acción, pues no nos parece meritorio.

Como corolario, procede que ejerzamos nuestra facultad inherente de regular la profesión y suspendamos del ejercicio de la abogacía al licenciado Vera Vélez.

**IV**

Al amparo de los fundamentos expuestos con relación a las quejas CP-2012-17 y AB-2013-351, nos corresponde suspender inmediata e indefinidamente del ejercicio de la abogacía al Lcdo. Jorge A. Vera Vélez.

A tono con lo que antecede, se le impone al señor Vera Vélez el deber de notificar a todos sus clientes sobre su inhabilidad para continuar representándolos, y

devolverles cualesquiera honorarios recibidos por trabajos no realizados. De igual forma, tendrá que informar oportunamente de su suspensión a cualquier sala del Tribunal General de Justicia o foro administrativo en el que tenga algún caso pendiente. Deberá acreditar y certificar ante este Tribunal el cumplimiento con lo anterior, dentro del término de 30 días contados a partir de la notificación de la presente Opinión *Per Curiam* y Sentencia.

Por su parte, en lo que concierne a la Queja Núm. AB-2006-301, procedemos a consolidarla con las quejas del caso de epígrafe en virtud de nuestra facultad disciplinaria. De esta forma, acogemos la recomendación emitida por la Oficina del Procurador General con respecto a este asunto y, por tanto, decretamos el archivo de la mencionada queja.

Notifíquese personalmente esta Opinión *Per Curiam* y Sentencia al Sr. Jorge A. Vera Vélez por la Oficina del Alguacil de este Tribunal.

Se dictará sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Jorge A. Vera Vélez                    CP-2012-17
                                           Cons.
                                        AB-2013-351
                                        AB-2006-301

SENTENCIA

San Juan, Puerto Rico, a 14 de enero de 2015.

Por las razones expuestas en la Opinión *Per Curiam* que antecede, la cual se hace formar parte de la presente Sentencia, se suspende inmediata e indefinidamente del ejercicio de la abogacía al Lcdo. Jorge A. Vera Vélez.

Se le impone al señor Vera Vélez el deber de notificar a todos sus clientes sobre su inhabilidad para continuar representándolos, y devolverles cualesquiera honorarios recibidos por trabajos no realizados. De igual forma, tendrá que informar oportunamente de su suspensión a cualquier sala del Tribunal General de Justicia o foro administrativo en el que tenga algún caso pendiente. Deberá acreditar y certificar ante este Tribunal el cumplimiento con lo anterior, dentro del término de 30 días contados a partir de la notificación de la presente Opinión *Per Curiam* y Sentencia.

Por su parte, en lo que concierne a la Queja Núm. AB-2006-301, procedemos a consolidarla con las quejas del caso de epígrafe en virtud de nuestra facultad disciplinaria. De esta forma,

acogemos la recomendación emitida por la Oficina del Procurador General con respecto a este asunto y, por tanto, decretamos el archivo de la mencionada queja.

Notifíquese personalmente esta Opinión *Per Curiam* y Sentencia al Sr. Jorge A. Vera Vélez por la Oficina del Alguacil de este Tribunal.

Lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. La Juez Asociada señora Rodríguez Rodríguez no intervino.


                              Aida Ileana Oquendo Graulau
                              Secretaria del Tribunal Supremo